**In re Craig WATKINS, Criminal District Attorney of Dallas, Texas, Relator.**

No. 05–12–00225–CV.

Court of Appeals of Texas, Dallas.

June 8, 2012.

Russell Wilson, Burleson, Pate and Gibson LLP, David M. Alex, Michael R. Casillas, Assistant District Attorney–Chief Prosecutor, Dallas, TX, for Relator.

Mark Franklin Fernandez, Nancy E. Ohan, Dallas, TX, for Real Party in Interest.

Before Justices MORRIS, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion by Justice MARTIN RICHTER.

Relator filed this mandamus proceeding complaining of the trial court's standard order of discovery. Mandamus is appropriate in a criminal proceeding when the relator establishes: 1) "that he has no adequate remedy at law to redress the harm that he alleges will ensue," and 2) "that the act he seeks to compel or prohibit does not involve a discretionary or judicial decision." *Simon v. Levario,* 306 S.W.3d 318, 320 (Tex.Crim.App.2009) (orig. proceeding); *see also State of Tex. ex rel. Hill v. Court of Appeals for the Fifth Dist.,* 34 S.W.3d 924, 927 (Tex.Crim.App.2001) (orig. proceeding). Because relator has established both factors, we conditionally grant the writ of mandamus.

Article 39.14 sets forth the following procedure for a defendant to obtain pretrial discovery from the state:

Upon *motion of the defendant showing good cause therefor* and upon notice to the other parties, except as provided by Article 39.15, the court in which an action is pending shall order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. The order shall specify the time, place and manner of making the inspection and taking the copies and photographs of any of the aforementioned documents or tangible evidence; provided, however, that the rights herein granted shall not extend to written communications between the State or any of its agents or representatives or employees. Nothing in this Act shall authorize the removal of such evidence from the possession of the State, and any inspection shall be in the presence of a representative of the State.

Tex.Code Crim. Proc. Ann. Art. 39.14(a) (West Supp.2011) (emphasis added). The

trial court here has signed a "Standard Order of Discovery" that applies to all cases before it. That order provides, *inter alia*, that the state must make certain categories of materials and information available to the defense, including NCIC and TCIC records of the state's witnesses. This order appears to require production of more than is required under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). There is no requirement in the standing order that the defense make any motion or demonstrate good cause in order to be entitled to the items identified in the standard order. By not requiring defendants to file a motion and show good cause before being entitled to discovery, the trial court circumvented article 39.14 of the code of criminal procedure.

Article 39.14 is "definite, unambiguous, and unquestionably applies to the indisputable facts of [this] case." *Simon*, 306 S.W.3d at 321. The trial court had no discretion to disregard it. Additionally, an appeal from a final judgment will not protect relator from having to produce improper discovery. *See Dickens v. Court of Appeals for Second Supreme Judicial Dist. of Texas*, 727 S.W.2d 542, 548 (Tex. Crim.App.1987) (orig. proceeding) ("an appeal may become an inadequate remedy from pretrial discovery orders if a relator could not receive relief on appeal"). Accordingly, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its February 15, 2012 Standard Order of Discovery.