The STATE of Texas ex rel. Henry WADE, Criminal District Attorney, Dallas County, Texas, Relator,

v.

Gary STEPHENS, Judge, Criminal District Court No. 3, Dallas County, Texas, Respondent.

No. 05–86–01276–CV.

Court of Appeals of Texas, Dallas.

Feb. 23, 1987.

Henry Wade, Pamela K. Sullivan, Dallas, Robert Huttash, Austin, for relator.

Kerry W. Young, Sharon L. Caldwell, Staff Attys., for respondent.

Before GUITTARD, C.J., and HOWELL and BAKER, JJ.

BAKER, Justice.

This is an original proceeding filed on behalf of the State of Texas to prevent the respondent, presiding judge of Criminal District Court No. 3 of Dallas County, from enforcing his order requiring an aggravated sexual assault complainant to submit to a physical examination. The State contends this order is void because it exceeds the trial court's limited authority to order pretrial discovery in a criminal case. We agree; and for the reasons discussed below, we conditionally grant a writ of mandamus instructing respondent to set his order aside.

The contested order was entered in the case of a defendant indicted for the aggravated sexual assault of his ten-year-old daughter. The defendant's attorney filed a pretrial motion for the trial court to order the complainant to submit to a physical examination by a doctor of the defendant's choice. Although the State had made the report of one doctor's previous medical examination of the complainant available to defense counsel, this motion asserts that another examination by a doctor employed by defendant "is necessary to insure that the Defendant is properly and adequately prepared for trial." The motion argues additionally that the defendant is entitled to have his own witness testify regarding the complainant's physical condition.

At the hearing on this motion, the defendant's attorney offered no justification for compelling complainant to submit to another physical examination other than the fact that the defendant and his attorney had not been present at the earlier one. It was suggested, however, that the defense hoped the requested examination might reveal evidence of sexual abuse occurring after defendant was denied access to the child. At the conclusion of the hearing, the complainant and her guardian were brought into the courtroom and informed by respondent that the youngster would be driven immediately to the office of a doctor selected by the defendant, and would there submit to a physical examination. The judge further ordered that a report of this examination be returned to the trial court for its decision whether to release the results to defense counsel. The complainant was delivered to the designated physician's office; but, once there, she refused to sub-

mit, and her guardian refused to consent, to any medical examination.

Two days later, defense counsel filed a "motion for sanctions." This motion requested the judge to enforce his discovery order by holding either complainant or her legal guardian in contempt; excluding all testimony concerning complainant's prior physical examination; or continuing the case for a reasonable time until complainant took the examination, and if she continued to refuse, then to prohibit the State from calling her as a witness. After one continuance to permit complainant to change her mind, respondent granted defendant's motion and announced that the girl would not be allowed to testify unless she first complied with the examination order. The State then filed this petition.

The State contends that the trial court exceeded its legal authority to order pretrial discovery in a criminal case. Defense counsel has filed a brief on behalf of respondent arguing that discovery decisions rest entirely within the discretion of the trial judge. He further urges that the examination order is a judicial act, immune from the extraordinary remedies of mandamus and prohibition.

■ Generally, extraordinary relief will not issue unless the result sought by the relator is manifestly "ministerial" in nature—as opposed to being "judicial" or "discretionary." *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 898 (Tex.Crim.App. 1985). An act is ministerial when the law clearly defines an official duty under circumstances permitting no exercise of judgment or discretion. *Texas Department of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex.Crim.App.1981). However, respondent's characterization of the examination order as a "judicial" or "discretionary" act is meaningless if, as the State asserts, the district judge entered his order without legal authority: mandamus will issue to nullify such an order. *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex.Crim.App.1984). Mandamus, rather

than prohibition, is the proper remedy to nullify an order that has already been entered; and this Court is not limited by the denomination of the relator's pleadings. *State ex rel. Wade v. Mays*, 689 S.W.2d at 897. Accordingly, since the State contends that an order has been entered without authority, we will treat the State's petition as seeking a writ of mandamus.

■ The issue before us is whether trial courts are empowered to order witnesses to submit to physical examinations for purposes of providing criminal defendants with discovery. The attachment of jurisdiction in the district court conveys the power to perform all actions authorized by the Constitution and statutes, or permitted under established principles of law. *Garcia v. Dial*, 596 S.W.2d 524, 527–28 (Tex.Crim. App.1980). The issue, then, is whether trial courts are permitted to compel witnesses to have physical examinations under any of these recognized sources of judicial authority.

■ There is no general right under the Constitution of the United States to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30, 42 (1977). The Texas Constitution also contains no specific discovery provision. Before the enactment of article 39.14 of the Texas Code of Criminal Procedure,[1] the Court of Criminal Appeals consistently held that criminal defendants were not entitled to pretrial discovery. *E.g., Hackathorn v. State*, 422 S.W.2d 920, 922 (Tex.Crim.App.1964), *cert. denied*, 381 U.S. 930, 85 S.Ct. 1570, 14 L.Ed.2d 688 (1965); *Freeman v. State*, 166 Tex.Crim. 626, 629, 317 S.W.2d 726, 729 (1958); *Pettigrew v. State*, 163 Tex.Crim. 194, 195, 289 S.W.2d 935, 937 (1956). We hold that respondent's controversial discovery order is not supported by either the federal or state constitution.

■ Additionally, rule 167a of the Texas Rules of Civil Procedure authorizing trial courts to order civil litigants to submit

---

1. Unless otherwise indicated, all statutory references are to Tex.Code Crim.Proc.Ann. art. 39.14

(Vernon 1979).

to physical examinations does not support respondent's discovery order. That rule is inapplicable to criminal cases. *Ex parte Davis*, 542 S.W.2d 192, 198 (Tex.Crim.App. 1976). Further, rule 167a relates only to a "party" to the action. The State and the accused are parties, but the victim of a sexual assault does not have standing to participate as a party in a criminal case. *See* Tex.Code Crim.Proc.Ann. art. 56.02(d) (Vernon Supp.1986).

Respondent concedes that article 39.14 does not authorize trial courts to order witnesses to submit to physical examinations. That statute does not give the defendant a general right to discovery. *Whitchurch v. State*, 650 S.W.2d 422, 425 (Tex.Crim.App.1983). It merely provides that judges may order the State to allow discovery of tangible objects that are not privileged. Article 39.14 is a limited discovery statute requiring the defendant to show good cause, materiality and possession of the discoverable item by the State. *Hoffman v. State*, 514 S.W.2d 248, 252 (Tex.Crim.App.1974).

Despite this, respondent argues that the determination of what is discoverable is committed to the discretion of the trial court. He relies, in part, on several opinions making this broad statement. *Whitchurch v. State*, 650 S.W.2d 422, 425 (Tex.Crim.App.1983); *Lindley v. State*, 635 S.W.2d 541, 543 (Tex.Crim.App.1982); *Quinones v. State*, 592 S.W.2d 933, 940 (Tex. Crim.App.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). All of these cases, however, were written in the context of deciding whether trial courts had erred by denying requests for discovery that came within the scope authorized by article 39.14. They do not support respondent's contention that judges are free to order pretrial discovery more extensive than that authorized by the statute.

This brings us to respondent's main contention that trial courts have "inherent authority" to order pretrial discovery in criminal cases. This position is inconsistent with the previously mentioned opinions (*Hackathorn, Freeman* and *Pettigrew*), holding that criminal defendants have no general discovery rights. While Texas trial courts may have once possessed inherent authority to order criminal discovery, we hold that article 39.14 now defines and limits that authority.

A similar conclusion was reached in *People v. Municipal Court for Pasadena Judicial District of Los Angeles County*, 20 Cal.3d 523, 143 Cal.Rptr. 609, 574 P.2d 425, *appeal dism'd sub nom. Runyan v. California*, 439 U.S. 904, 99 S.Ct. 270, 58 L.Ed.2d 251 (1978). In that case, the trial court had entered an order permitting the defendant to depose a witness without requiring a showing under the state's "conditional examination" statute that the witness was unlikely to attend the trial. No statutory provision for deposing other witnesses had been created, but prior to the enactment of this statute, California trial courts had possessed a judicially created authority to exercise their discretion in ordering criminal discovery. While recognizing the existence of these inherent powers to provide discovery in criminal cases, the California Supreme Court held that extraordinary relief was proper to prevent the exercise of those powers in a manner that would ignore the boundaries of the statutory discovery scheme.

We hold that the Texas Legislature intended article 39.14 to constitute a comprehensive pretrial discovery statute, and that criminal discovery orders must fall within the confines of that article's limited authorization.[2] A corollary of this rule is that trial courts lack inherent authority to order pretrial discovery any greater than that authorized by article 39.-14. Because the trial court's order requiring complainant to submit to a physical examination was clearly outside the scope of discovery authorized by the statute, the

---

**2.** This decision obviously does not affect the authority of a trial court to order the State to deliver exculpatory material in its possession, which is discoverable as a matter of constitutional right. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963).

judge had no authority to issue that order and it is void.

Accordingly, respondent is instructed to set aside his order requiring complainant to submit to a physical examination. Should the trial court refuse to vacate his order, a writ of mandamus shall issue.