358 S.W.3d 244 (2011)
In re DISTRICT ATTORNEY'S OFFICE OF the 25TH JUDICIAL DISTRICT, Applicant.
(State v. Charles Morgan Dittman, Sr.).
No. WR-74,593-01.
Court of Criminal Appeals of Texas.
March 30, 2011.
*245 Jay Brandon, San Antonio, for Appellant.
Thomas A. Mitchell, Sequin, Lisa C. McMinn, State's Attorney, Austin, for State.

ORDER
WOMACK, J., delivered the order of the Court, in which MEYERS, PRICE, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.
A sexual assault case is pending in the District Court. The complainant was interviewed at the Child Advocacy Center. The State has a DVD recording of the interview, and the District Court has ordered the State to make a copy of the recording for the defendant's counsel. The prosecutor seeks a writ of mandamus ordering the district judge to rescind his order.
The issue is whether the order to make the defense a copy is permitted under the language of the discovery statute, article 39.14(a) of the Code of Criminal Procedure:
Upon motion of the defendant showing good cause therefor and upon notice to the other parties, except as provided by Article 39.15, the court in which an action is pending shall order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. The order shall specify the time, place and manner of making the inspection and taking the copies and photographs of any of the aforementioned *246 documents or tangible evidence; provided, however, that the rights herein granted shall not extend to written communications between the State or any of its agents or representatives or employees. Nothing in this Act shall authorize the removal of such evidence from the possession of the State, and any inspection shall be in the presence of a representative of the State.
The discretion of the trial court in matters of discovery[*] surely includes the discretion to exercise the statutory authority to "order the State before ... trial of a criminal action therein pending ... to produce and permit the inspection and copying... by or on behalf of the defendant of any designated photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies."
The same statute authorizesindeed, requiresthat the "order shall specify the time, place and manner of ... taking the copies and photographs of any of the aforementioned documents or tangible evidence."
The court's order that the State make a copy of the DVD is supported by the statute's authority.
What would be the alternative to the court's order? The court could have followed the literal language of the statute by ordering the State "to produce and permit the ... copying ... by ... the defendant" of the DVDthat is, to hand over the DVD to the defendant so that he could make the copy. We imagine that the State would prefer to keep the evidence in its possession.
The court's order for the State to make the copy, which is a task both easy and inexpensive, was reasonable. It also was authorized by the statute.
Leave to file the State's petition for a writ of mandamus is denied.
IT IS SO ORDERED.
KELLER, P.J., filed a dissenting opinion.
KELLER, P.J., dissenting.
This mandamus petition concerns the trial court's order that the State make a copy of a DVD in its possession for defense counsel in the underlying case. In our opinion in In re Cindy Stormer we addressed this very issue, saying:
The trial court may not order the State to copy documents and provide those copies to a defendant, but it may order the State to produce discoverable materials and allow the defendant to copy them under the supervision of the State.[1]
The legal issue has been settled by our Court, and the State has no adequate remedy at law. We ought to grant mandamus relief. The fact that the Court does not do so seems to me to be the result of two extraneous issues. First, since the State has offered to allow defense counsel to view the DVD, the Court may believe that the issue of whether the defense is entitled to a copy has been resolved. And if counsel is entitled to a copy, the Court may think that it doesn't matter much who has to make it. Second is the issue of the scope of Article 39.14.[2] The Court seems to *247 believe that items not included in the statute are nevertheless subject to discovery. I disagree with both of these concepts.
Discovery is a contentious matter. It is true that who makes a copy of the DVD in this particular case seems insignificant. But if a trial judge can order the State to assume the trouble and expense of making the copy in this case, he can also order either party to make extensive copies of documents, photos, statements, and anything else. The Court may believe that such an order must be "reasonable," but the obvious problem with that position is that mandamus relief would not be available to the aggrieved party if the court entered an unreasonable order. That is, if ordering some copies is a matter of discretion, then ordering more copies may be error, but it is not a violation of a ministerial duty.
The second issue is the scope of Article 39.14. Whether that statute limits a trial court's discretion is an important issue. One court of appeals has addressed the question as follows:
This brings us to respondent's main contention that trial courts have "inherent authority" to order pretrial discovery in criminal cases. This position is inconsistent with the previously mentioned opinions (Hackathorn [v. State, 422 S.W.2d 920 (Tex.Crim.App.1964)], Freeman [v. State, 166 Tex.Crim. 626, 317 S.W.2d 726 (1958)] and Pettigrew [v. State, 163 Tex. Crim. 194, 289 S.W.2d 935 (1956)]), holding that criminal defendants have no general discovery rights. While Texas courts may have once possessed inherent authority to order criminal discovery, we hold that Article 39.14 now defines and limits that authority.[3]
This Court's apparent belief that what is not prohibited is allowed is inconsistent with the history of discovery in Texas. Before the enactment of Article 39.14, this Court consistently held that criminal defendants were not entitled to pretrial discovery.[4] The Fifth Court of Appeals concluded its examination of the history of discovery in criminal cases with these words:
We hold that the Texas Legislature intended Article 39.14 to constitute a comprehensive pretrial discovery statute, and that criminal discovery orders must fall within the confines of that article's limited authorization. A corollary of this rule is that trial courts lack inherent authority to order pretrial discovery any greater than that authorized by Article 39.14.[5]
The DVD at issue is of an interview of a child witness in this case, in which Dittman is charged with continuous sexual assault. The State volunteered to allow defense counsel to view the DVD before trial, but the State is reluctant to have copies of the DVD in the hands of anyone else. Because Article 39.14 excepts written witness statements from its scope, it may actually prohibit a trial judge from ordering pretrial inspection of such a videotape. One court of appeals has said explicitly that the issue is unsettled,[6] and this Court has not addressed it.[7] We do not have to answer *248 that particular question today, but it could well arise in a future case: If the trial court can force the State to go further than it intended when it volunteered the DVD for viewing, it seems likely that the next time the issue arises, the State will not make the same offer.
I respectfully dissent.
NOTES
[*] See generally Quinones v. State, 592 S.W.2d 933, 940 (Tex.Cr.App.1980).
[1] No. WR-66865-01, 2007 WL 1783853, at *2 (Tex.Crim.App. June 20, 2007) (not designated for publication).
[2] TEX.CODE CRIM. PROC. art. 39.14.
[3] State ex rel. Wade v. Stephens, 724 S.W.2d 141, 144 (Tex.App.-Dallas 1987).
[4] Id.
[5] Id. (footnote omitted).
[6] In re State ex rel. Rosenthal, No. 14-02-00306-CV, 2002 WL 730786 (Tex.App.-Houston [14th Dist.] April 25, 2002) (not designated for publication).
[7] See also Craig Jett and Lisa Tanner, Prosecuting and Defending Child Abuse Cases, STATE BAR OF TEXAS 35TH ANNUAL ADVANCED CRIMINAL LAW COURSE, Dallas, July 20-23, 2009, Ch. 17.2. ("Obviously the defense should argue that `taped' is not the same as `written.' However Rule 615, Tex.R. Ev. includes an oral statement in electronic form in the definition of a written statement.").