# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00400-CV

**In re Honorable Jennifer Tharp, Criminal District Attorney of Comal County, Texas**

### ORIGINAL PROCEEDING FROM COMAL COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Jennifer Tharp, Comal County's Criminal District Attorney, filed a petition for writ of mandamus alleging that the district court's discovery order violates section 39.14 of the code of criminal procedure and should be vacated. We will conditionally grant the writ.

Tharp challenges an order issued in a DWI case, Cause No. 2010 CR 2074, pertaining to the discovery and inspection of records relating to blood-specimen testing. The order provides, in relevant part:

> **IT IS ORDERED** that the Comal County Criminal District Attorney produce the following items to Defense Counsel, on or before 5 p.m. on the twentieth day after the date of this order:
>
> 1. From the DPS Crime Laboratory @ 5806 Guadalupe St., Austin, Texas 78752
>    a. All records, documents, testing data, and chain of custody records in Agency Case Number STZPD-201-39005.

Tharp contends that the order is a clear abuse of the trial court's discretion because it is overly broad and could compel production of attorney-work product in the DPS file. To the extent that the order compels production of items specifically excepted from production under article 39.14

of the code of criminal procedure, and also to the extent that the order compels production of items beyond the scope of the defendant's request, we agree.

Article 39.14 provides a limited right of discovery to defendants in criminal cases:

> (a) Upon motion of the defendant showing good cause therefor and upon notice to the other parties, except as provided by Article 39.15, the court in which an action is pending shall order the State . . . to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and *except the work product of counsel* in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. The order shall specify the time, place and manner of making the inspection and taking the copies and photographs . . . provided, however, that the rights herein granted shall not extend to written communications between the State or any of its agents or representatives or employees. Nothing in this Act shall authorize the removal of such evidence from the possession of the State, and any inspection shall be in the presence of a representative of the State.

Tex. Code Crim. Proc. Ann. art. 39.14(a) (West Supp. 2012) (emphasis added). Article 39.14 by its express terms excludes certain items from production—privileged materials, written witness statements, work product (including notes and reports) of counsel and their investigators, and "written communications between the State or any of its agents or representatives or employees." *Id*. Further, defense counsel's motion and argument below limited the information requested, clarifying that neither work product nor conversations between lab techs and the district attorney's office were sought by the motion. The court's order, to the extent that it requires production of "all records, [and] documents" in the case, exceeds both the scope of the defendant's request and, more importantly, the range of items which the State may be compelled to produce under article 39.14.

2

Mandamus may issue when the relator demonstrates that the trial court clearly abused its discretion with regard to the performance of a ministerial act—"not involving a discretionary or judicial decision"—and that relator has no adequate legal remedy to redress the alleged harm. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Because a trial court has no discretion in determining what the law is or applying the law to the facts, its failure to analyze or apply the law correctly constitutes an abuse of discretion. *See In re Thompson*, 330 S.W.3d 411, 417 (Tex. App.—Austin 2007, orig. proceeding); *State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 144 (Tex. App.—Dallas 1987, orig. proceeding) (conditionally granting mandamus because trial court's criminal discovery orders must fall within confines of limited authorization in article 39.14); *see also In re Stormer*, No. WR-66865-01, 2007 Tex. Crim. App. Unpub. LEXIS 1154, at *7 (Tex. Crim. App. June 20, 2007) (not designated for publication) (conditionally granting mandamus because trial court exceeded its authority in granting discovery beyond scope of article 39.14); *State v. Kurtz*, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004) (Holcomb, J., dissenting).

Based on this record and the wording of this order,[1] we conclude that issuance of the discovery order was an abuse of the trial court's discretion for which the State lacks an adequate remedy by appeal. *See Stephens*, 724 S.W.2d at 144; *see also Stormer*, 2007 Tex. Crim. App. Unpub. LEXIS 1154, at *7. Accordingly, Tharp's petition for writ of mandamus is conditionally

---

[1] By way of illustrative contrast, the order at issue in *In re Tharp*, Cause No. 03-12-00398-CV, also pending before this Court, gives specific descriptions of the items and the documents to be produced and thus does not run afoul of the specific exclusions in article 39.14.

granted.  *See* Tex. R. App. P. 52.8(c).  The writ will issue only if the trial court fails to vacate or modify the underlying order in accordance with this opinion.


_____

Jeff Rose, Justice

Before Justices Puryear, Rose and Goodwin

Filed:   August 9, 2012