# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00741-CV

**In re Honorable Sherri Tibbe, Criminal District Attorney of Hays County, Texas**

### ORIGINAL PROCEEDING FROM HAYS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Sherri Tibbe, Hays County's Criminal District Attorney, filed a petition for writ of mandamus and request for temporary relief alleging that the trial court's order from the bench applying a Hays County Court at Law standing discovery order violates section 39.14 of the Texas Code of Criminal Procedure and should be vacated. We will conditionally grant the writ.

The standing discovery order of which Tibbe complains purports to apply to all criminal misdemeanor and juvenile cases set for trial in the Hays County Courts at Law and provides, in relevant part:

NO LATER THAN 14 DAYS BEFORE TRIAL

1. The State is Ordered to file with the Hays County Clerk a list of all witnesses the State intends to call in its case in chief (in both guilt and punishment phases) and furnish a copy of same to the Defense. Such list shall set forth the full name and address for each witness. Such list shall include the same information for any rebuttal witnesses the State·reasonably anticipates calling. The State shall file any and all subpoena returns with the Hays County Clerk after service is made, including place, date·and time of service, If service·is not made,·the return shall state the dates of attempted service and reasons service was not made. Any subpoenas served electronically shall be in accordance with Texas Code of Criminal Procedure Art. 24.04.

Hays Cnty. Ct. at Law Discovery Order, p.1.[1]

In the underlying DWI prosecution at issue herein, the Hays County standing order was the basis for a verbal motion from defense counsel during trial to exclude the State's two testifying witnesses—the officer who arrested the defendant and another officer who performed an inventory of defendant's vehicle —after the State failed to furnish a list disclosing its witnesses to the defense at least fourteen days before trial.[2]

Tibbe contends that the standing order constitutes an abuse of the trial court's discretion because it requires the State to provide discovery that is not authorized by the Texas Code of Criminal Procedure article 39.14. To the extent that the order compels the State's identification of trial witnesses beyond the scope of article 39.14 of the code of criminal procedure and without a defendant's request, we agree.

A trial court has authority to order discovery under article 39.14, which provides a limited right of discovery to defendants in criminal cases. *See* Tex. Code Crim. Proc. art. 39.14; *In re Stormer*, No. WR-66865-01, 2007 Tex. Crim. App. Unpub. LEXIS 1154, at *2 (Tex. Crim. App. June 20, 2007) (not designated for publication); *In re Tharp*, No. 03-12-00400-CV, 2012 Tex. App. LEXIS 6698, at *2 (Tex. App.—Austin Aug. 9, 2012, orig. proceeding); *see also* 22nd, 207th, 274th, 421st, 428th, and 433rd (Tex.) Dist. Ct. Loc. R. 16 (Comal, Hays, and Caldwell Counties) (requiring pretrial motions in criminal cases to be filed in accordance with Code of Criminal

---

[1] The Discovery Order is not part of the Hays County Court at Law's local rules and is not published on the Hays County web site.

[2] Defense counsel stated that he was "utterly and completely surprised" that the two officers would testify for the State, however, both officers were identified in the offense report provided to defense counsel before trial. Further, the officers' two videotapes relating to the DWI offense were included in the discovery that defense counsel acknowledged receiving from the State.

Procedure).  Nothing in article 39.14 requires disclosure of witnesses who are not experts.  Rather,

article 39.14 addresses production of evidence and disclosure of testifying experts:

(a)  Upon motion of the defendant showing good cause therefor and upon notice to the other parties, except as provided by Article 39.15, the court in which an action is pending shall order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies.  The order shall specify the time, place and manner of making the inspection and taking the copies and photographs of any of the aforementioned documents or tangible evidence; provided, however, that the rights herein granted shall not extend to written communications between the State or any of its agents or representatives or employees.  Nothing in this Act shall authorize the removal of such evidence from the possession of the State, and any inspection shall be in the presence of a representative of the State.

(b)  *On motion of a party* and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under *Rules 702, 703, and 705, Texas Rules of Evidence*. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure the court shall require the other party to make the disclosure not later than the 20th day before the date the trial begins.

Tex. Code Crim. Proc. art. 39.14 (emphases added).[3]  Further, under its plain language, the

disclosure provision of article 39.14(b) is triggered only by a defendant's motion requesting

disclosure of the State's testifying experts and a trial court order.  *Osbourn v. State*, 59 S.W.3d

---

[3]  A new version of article 39.14 becomes effective January 1, 2014.  Tex. Code Crim. Proc. art. 39.14 (West Supp. 2013).  New subsection (n) allows the parties to agree to discovery that is "equal to or greater than" that required by article 39.14.  *Id*. art. 39.14(n).

809, 812-13 (Tex. App.—Austin 2001) (noting that State must give notice of those whom it intends to call as expert witnesses upon request by defendant and in accordance with trial court's discovery order), *aff'd on other grounds*, 92 S.W.3d 531 (2002); *see also Williams v. State*, No. 04-06-00797-CR, 2007 Tex. App. LEXIS 8622, at * 5-6 (Tex. App.—San Antonio Oct. 31, 2007, no pet.) (mem. op., not designated for publication) (concluding that State's obligation to disclose its expert witnesses under article 39.14(b) requires defense request for disclosure and court order).

The trial court's standing order here, to the extent that it requires the State to file a list of all its trial witnesses without any request from the defendant, vitiates the requirement of a defense motion for discovery and exceeds the scope of permissible discovery that may be compelled from the State under article 39.14. *See Picard v. State*, 631 S.W.2d 761, 763 (Tex. App.—Beaumont 1981, no writ) (recognizing "well-established precedent that rule-making authority of any court may not validly modify a statute or conflict with constitutional provisions" and if conflict exists, rule is inoperative); *see also Stormer*, 2007 Tex. Crim. App. Unpub. LEXIS 1154, at *6 (concluding that trial court erred in granting defendant's discovery request for list of professions of prosecution's testifying expert witnesses, their expert reports, and description of each expert's qualifications and contemplated testimony because such request exceeded scope of article 39.14(b)).

Mandamus may issue when the relator demonstrates that the trial court clearly abused its discretion with regard to the performance of a ministerial act—"not involving a discretionary or judicial decision"—and that relator has no adequate legal remedy to redress the alleged harm. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Because a trial court has no discretion in determining what the law is or applying the law to the facts, its failure to analyze or apply the law correctly constitutes an abuse of discretion.

4

*See In re Thompson*, 330 S.W.3d 411, 417 (Tex. App.—Austin 2007, orig. proceeding); *State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 144 (Tex. App.—Dallas 1987, orig. proceeding) (conditionally granting mandamus because trial court's criminal discovery orders must fall within confines of limited authorization in article 39.14); *see also In re Stormer*, 2007 Tex. Crim. App. Unpub. LEXIS 1154, at *7 (conditionally granting mandamus because trial court exceeded its authority in granting discovery beyond scope of article 39.14); *State v. Kurtz*, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004) (Holcomb, J., dissenting); *In re Tharp*, 2012 Tex. App. LEXIS 6698, at *4.

Based on this record and the standing order's conflict with the provisions of article 39.14, we conclude that the ruling enforcing the discovery order by striking all of the State's witnesses in this DWI case was an abuse of the trial court's discretion for which the State lacks an adequate remedy by appeal. *See Stephens*, 724 S.W.2d at 144; *see also Stormer*, 2007 Tex. Crim. App. Unpub. LEXIS 1154, at *7. Accordingly, Tibbe's petition for writ of mandamus is conditionally granted. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the trial court fails to vacate its order striking the State's two trial witnesses. The State's motion for temporary relief is dismissed as moot. All of Relator's other requested relief is denied.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Filed:   December 31, 2013