**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00301-CR**
_____

**IN RE WILLIAM LEE HON**

_____

**Original Proceeding**
**258th District Court of Polk County, Texas**
**Trial Cause No. 23,343**
_____

**MEMORANDUM OPINION**

The Relator, William Lee Hon, in his capacity as the District Attorney of

Polk County, Texas, seeks mandamus relief from a discovery order signed by the

judge of the 258th District Court in a prosecution for driving while intoxicated. On

August 9, 2016, the trial court ordered Hon and the Texas Department of Public

Safety Houston Crime Lab (DPS Crime Lab) to digitally copy and digitally

produce several different categories of documentation relating to a blood sample

analysis in Trial Cause Number 23,343, *The State of Texas v. Cindy Pashia-*

*McCormick*. We stayed the trial court's order and obtained a response to the petition from the real party in interest, Cindy Pashia-McCormick.

Mandamus is appropriate in a criminal case when the relator establishes that (1) he has no other adequate legal remedy; and (2) the act sought to be compelled is purely ministerial under the relevant facts and law. *State ex rel. Hill v. Ct. of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). The Relator lacks an adequate remedy at law because a discovery order is not an order that the State has a right to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.01 (West Supp. 2016). We must determine, therefore, whether ordering the trial court to vacate the discovery order would compel a ministerial act. "A ministerial act, by its nature, does not involve the use of judicial discretion; it must be positively commanded and so plainly prescribed under the law as to be free from doubt." *In re Allen*, 462 S.W.3d 47, 49–50 (Tex. Crim. App. 2015) (orig. proceeding) (footnotes omitted).

The Relator argues the trial court exceeded the scope of its authority under article 39.14 of the Texas Code of Criminal Procedure by ordering discovery that was not shown to be material or otherwise authorized by the Texas Code of Criminal Procedure article 39.14. *See generally* Tex. Code Crim. Proc. Ann. art. 39.14 (West Supp. 2016). Evidence is material if it affects the essential proof that

2

the defendant committed the offense charged. *See Ehrke v. State*, 459 S.W.3d 606, 611 (Tex. Crim. App. 2015) (quoting *Quinones v. State*, 592 S.W.2d 933, 943 (Tex. Crim. App. 1980).

A review of the mandamus record shows that the defendant articulated why many of the items she requested are material to her defense. Testifying as an expert on preparing a defense for a prosecution for driving while intoxicated, attorney Troy McKinney stated that he personally participated in negotiations with the Harris County District Attorney's Office and three of the four forensic laboratories operating in Harris County for what became a standing discovery order used by the criminal courts in Harris County. According to McKinney, the information required by the standing blood discovery order is necessary for a defense lawyer or a defense expert to review and evaluate the accuracy and reliability of a blood test.

McKinney testified that as part of its accreditation criteria, the laboratory has written standard operating procedures that must be documented, and the laboratory is required to perform an annual internal audit. The inspection reports and audits are critical to evaluating whether the laboratory is following its operating protocols. Based upon this testimony, the trial court could determine that the DPS laboratory's accreditation and internal audit records are material. The records maintained by the DPS laboratory for the sampling and analysis of the

3

defendant's blood likewise are material because they are indispensable as its exclusion from evidence would affect the essential proof that the defendant committed an offense. *See id.*

However, other enumerated categories of the discovery ordered are not reasonably limited to the defendant's case. In Number 12, the trial court ordered production of "[a]ll proficiency testing results for any person involved in [the] sample preparation, analysis, or administrative or technical review in the case[,]" without limiting it to the time when the defendant's sample was obtained. McKinney stated that proficiency testing results did not relate to a single case, but he indicated that they would show how accurate the lab employee was in other testing. McKinney stated that, in his opinion, the results could be relevant if they showed the person got the wrong answer on blind samples. The records ordered to be produced, however, were not limited to proficiency testing results at or near the time the defendant's blood sample was taken. We conclude the defendant failed to articulate the materiality of the scope of proficiency testing results ordered to be produced under Number 12.

The trial court ordered, in item number 7 of the discovery order, production of the "testimonial evaluation forms of each laboratory employee involved in the testing process." According to McKinney, the evaluations are kept to maintain the

4

laboratory's accreditation and production of the forms will show that the laboratory is doing what it must to maintain their accreditation. McKinney testified that the DPS laboratory is in fact accredited, however, and the only other reason he provided for the information was that it would give the defense the ability to discover other cases in which the person testified and allow the defense to obtain a copy of the transcript. We conclude that the defendant failed to articulate a reason why the testimonial evaluation forms were material to the defendant's case.

Under item number 28, the trial court ordered that the defense have an opportunity to inspect, diagram, and photograph the areas under the control of the laboratory containing the equipment used to test the sample in this case. The sample was tested more than two years ago, however, and McKinney agreed that ordering access to the chromatograph would not be relevant if the machine used in the defendant's case is no longer in the laboratory, or if the equipment that was used in the defendant's case is no longer in the laboratory. McKinney stated that the right to inspect the laboratory was limited to when the case has been set for trial because the laboratory complained that inspections were occurring for cases that were not going to trial. He did not explain how it would be material to the defense that an inspection be performed two years after the test in question, when the equipment used to test the defendant's blood may no longer be in the

5

laboratory. Therefore, we conclude that the defendant failed to articulate the materiality of the discovery sought by such inspection.

The trial court ordered discovery not shown to be material to any matter in the case; therefore, we conclude the trial court exceeded its authority under article 39.14 by ordering the State to produce records of testimonial evaluations and proficiency testing results under item numbers 7 and 12 of the discovery order and in ordering the inspection of the DPS laboratory under item number 28. *See* Tex. Code Crim. Proc. Ann. art. 39.14; *see also In re Hawk*, No. 05-16-00462-CV, 2016 WL 3085673, at *2–4 (Tex. App.—Dallas May 31, 2016, orig. proceeding) (mem. op.). Because a trial court has no discretion in determining what the law is or applying the law to the facts, its failure to analyze or apply the law correctly constitutes an abuse of discretion. *See In re Thompson*, 330 S.W.3d 411, 417 (Tex. App.—Austin 2010, orig. proceeding); *State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 144 (Tex. App.—Dallas 1987, orig. proceeding) (conditionally granting mandamus because trial court's criminal discovery orders must fall within confines of limited authorization in article 39.14). Accordingly, we conditionally grant in part the Relator's petition for writ of mandamus.[1] Our order staying the trial

---

[1] The Relator complains that he was not provided an opportunity to review the Harris County standing blood discovery order before the trial court adopted it for Polk County. The Relator has since had an opportunity to examine and review

6

court's discovery order is lifted so that the trial court may vacate the order of August 9, 2016, and issue a new order in accordance with this opinion.[2] A writ will issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED IN PART.

PER CURIAM

Submitted on September 12, 2016
Opinion Delivered October 19, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

the proposed Polk County standing blood discovery order and to inquire with the DPS laboratory regarding the burdensomeness of the individual items of discovery. Any specific complaint on which the Relator did not develop evidence because it was not apparent to the Relator at the time of the hearing may be addressed to the trial court on rehearing of the blood discovery order in this case. Therefore, we decline to address that part of the Relator's argument in this mandamus proceeding.

[2] Rule 10 of the Texas Rules of Judicial Administration generally requires any local standing order be adopted by all of the courts of the county before enactment. We express no opinion regarding the application of the standing blood discovery order to any case not before the trial court in this case.