**DENIED and Opinion Filed December 7, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00850-CV

## IN RE MICHAEL DWAYNE WILLIAMS, Relator

**Original Proceeding from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F85-83830-J**

## MEMORANDUM OPINION
Before Justices Osborne, Reichek, and Browning
Opinion by Justice Osborne

Michael Dwayne Williams has filed a petition for writ of mandamus seeking to have the Court declare void the trial court's written judgment, signed by the Honorable Gary R. Stephens on January 8, 1986, convicting him of aggravated sexual assault of a child. We deny relief.

Relator presented to the trial court a pro se document styled "Request to Take Judicial Notice and Vacate Void Judgment." While the matter was pending before the trial court, relator filed this original proceeding complaining that the trial court had not acted on his request and requesting this Court vacate the judgment as void. The trial court subsequently denied relief on relator's request finding it to be without

merit. To the extent relator requests mandamus relief against the trial court for failing to act, the petition is moot.

Turning to relator's request for relief on the merits, relator contends the trial court's written judgment is void because "Judge Charles McClure" presided over his trial, but the judgment incorrectly reflects Judge Gary R. Stephens presided at trial and Judge Stephens signed the judgment. Relator has included in his appendix a jury waiver and plea agreement both signed by Charles McClure. He has also filed an affidavit stating that he never appeared before Judge Stephens. Relator contends that because Judge Stephens did not conduct any proceedings in the case, he is not the "trial judge" who could sign the judgment under article 42.01, sect. 1 of the code of criminal procedure and therefore the judgment is void.

The judgment reflects relator entered a negotiated plea of guilty in exchange for a five-year sentence. At the time relator was convicted, the Honorable Gary R. Stephens was the presiding judge of Criminal District Court No. 3. *See, e.g., State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 142 (Tex. App.—Dallas 1987, orig. proceeding) (describing Judge Stephens as ""presiding judge of Criminal District Court No. 3 of Dallas County"). The Honorable Charles McClure was a Dallas County Magistrate at the time. *See, e.g., Ex parte Stacey*, 709 S.W.2d 185, 188–89 (Tex. Crim. App. 1986) (detailing facts in record showing the Honorable Charles McClure served as Dallas County Magistrate in case).

Relator provides only his affidavit, the plea agreement, jury waiver, and judgment to explain what happened nearly thirty-five years ago at his plea hearing. The judgment recites Judge Stephens conducted the plea hearing and in the absence of evidence to the contrary, we assume the regularity of trial court judgments. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g).

Moreover, even if Judge McClure presided over the plea hearing, the actual judgment would need to be signed by the presiding trial judge and that would be Judge Stephens. *See Kelly v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984) (magistrate's actions are not binding until approved by the trial court); *see also* Act of May 17, 1985, 69th Leg., R.S, ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 2003 (current version at TEX. GOV'T CODE ANN. § 54.306) (describing matters that may be referred to magistrate in Dallas County including "a negotiated plea of guilty before the court").

Relator bears the burden to prove his entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). We conclude relator has not carried his burden.

Relator's petition for writ of mandamus is denied.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

200850F.P05