

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00076-CR
_____

GARRETT WAYNE WHITTEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 30046

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Garrett Wayne Whitten appeals his conviction for aggravated robbery.[1] Whitten, who represented himself at trial, complains that the trial court erred in not providing discovery materials, which, according to Whitten, may have affected the sentence imposed by the trial court. Whitten also complains that Article 39.14 of the Texas Code of Criminal Procedure is unconstitutional. Because we find that Whitten either waived or failed to preserve these complaints by refusing the trial court's offer to review discovery, we affirm the trial court's judgment.

## I.     Background

Two loss-prevention agents at The Home Depot store in Paris saw Whitten stuffing merchandise "up his shirt and down his pants." Whitten then left the store without paying for those items. The loss-prevention agents, Ryan Foster and Christopher Whalen, followed, and Whalen called the police. Foster and Whalen identified themselves to Whitten and showed him their store badges. Whalen testified that Whitten told him to stop calling the police. Then Whitten reached into his truck and pulled out a pistol. Foster testified that Whitten said, "I'm going to kill you f******s" and pointed his gun at them.[2] Foster and Whalen then retreated toward the store and told customers in the parking lot to get behind parked cars. Both men testified that they "heard a pop," and Foster said he thought the sound was a gunshot. Whitten got in his truck and fled the scene.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03.

[2] Whalen testified that Whitten told them, "I've got something for you bitches."

At a pretrial hearing, Whitten told the trial court that he wanted to represent himself at trial.[3] Whitten also refused to speak to the trial court.[4] When the trial court explained to Whitten his right to see the State's discovery materials and asked if he wanted to see those materials, Whitten "nodded his head back and forth saying that he d[id] not want to look at th[e] discover[y]." The trial court explained the contents of the discovery[5] and asked again, "Do you want to look at your discovery?" Whitten again "shook his head in the negative."

The State also offered, in Whitten's presence, to "go to the jail and make [the discovery materials] available to him." The trial court added, "[I]f you change your mind and you want to look at your discovery let me know quickly, okay?" Whitten "nodded his head up and down in the affirmative." The State confirmed the trial court's observation. The trial court also asked Whitten if the court had correctly observed his head movement, and Whitten "nodded his head up and down."

---

[3]Specifically, the trial court stated at the beginning of the hearing, "Mr. Whitten has indicated a desire to represent himself although he is non-communicable with the Court. In other words, he is still refusing to speak to me, is that right?" Whitten indicated his assent by "nodd[ing] his head in the affirmative."

[4]In his affidavit attached to his motion for new trial, Whitten said that he did not speak as a way of exercising his right against self-incrimination. Whitten only communicated via hand signals and nods or shakes of his head at two pretrial hearings and at voir dire. On the day of trial, Whitten told the trial court that he wanted to issue subpoenas for the court and the jury for "a drug test, a sobriety test," which the trial court denied as untimely. Whitten then made a comment apparently complaining of a hearsay statement at voir dire. Whitten also said, "Not guilty" when the trial court asked how he pled to the indictment, and he made one objection during the State's closing argument.

[5]The trial court told Whitten, "[Y]our discovery contains all of the information from the investigation, from officers, police reports, all that stuff that most of the time folks want to look at so they can defend themselves and work with their lawyer, but of course you're representing yourself."

After the jury found Whitten guilty, the trial court sentenced him to sixteen years' incarceration.[6] The trial court appointed appellate counsel, who filed a motion for new trial and an appellate brief.

## II. Whitten Waived His Complaint About Sentencing

Whitten complains that the trial court's sixteen-year sentence was motivated by testimony that one of the witnesses employed by The Home Depot thought Whitten fired a gunshot during the parking lot confrontation.[7] Whitten argues that there was evidence not admitted at trial that strongly suggested the "pop" Whalen and Foster heard was, in fact, the sound of Foster dropping his cell phone. According to Whitten, the State failed to comply with the Texas Code of Criminal Procedure's requirement that the State produce any evidence that could be exculpatory or used for impeachment. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(h) (Supp.).[8]

---

[6]In its closing argument, the State asked the trial court to sentence Whitten to at least fifteen years' incarceration. The punishment range for a first-degree felony is not less than five and not more than ninety-nine years, or life, in the Texas Department of Criminal Justice and a fine of not more than $10,000.00. *See* TEX. PENAL CODE ANN. § 12.32.

[7]The trial court stated at sentencing:

> Mr. Whitten, you caused a problem in this community. I don't like it. I don't like guns. I'm the biggest Second Amendment guy around. I believe in the right to keep and bear arms, but I sure don't believe in the right for somebody to use a gun to put somebody in fear for their life. This wasn't just any old aggravated robbery. There's plenty of robberies where folks go into a convenience store carrying a gun, brandishing a gun, grabbing the money and walk out. But instead you want to say I'm going to kill you, f*****s, and you -- alleged that there's an allegation that you shot in the air and you're waving it around with women and children on that parking lot. That's wrong.
> That being said, Mr. Whitten, the Court is going to sentence you to 16 years in the Texas Department of Corrections.

[8]The article states, among other things,

### A. Whitten Refused to View the Body-Camera Footage, Which Was Not Played at Trial

As described above, Whitten explicitly and willfully declined the trial court's invitation to view discovery materials in the State's possession. The trial court explained to Whitten that Article 39.14 gave him the right to review, though not to possess, discovery items. Whitten "nodded his head in the affirmative" indicating that he understood the trial court's explanation.

Whitten's first point of error complains of statements made by the trial court when it sentenced Whitten. He argues that "the Court's entire stated basis for the length of the sentence was the alleged attitude of the defendant, and the fact that he had supposedly fired the gun and put the key witness at the trial in serious fear." Whitten points to a body-camera recording from the officer who responded to the robbery at The Home Depot. The recording was not admitted into evidence but is in the appellate record. On the recording, Whalen described the events at the store to a Paris police officer. When Whalen described hearing a "pop," he said that another person at the store said that person did not think a gun had been fired but rather that Foster had dropped his cell phone. Whalen acknowledged that the sound they heard might have been the falling phone, but in the "heat of the . . . moment," he thought a shot had been fired. Later in the body-camera footage, Whalen related the witness's statement that the sound they heard may have been Foster's phone falling, and Foster seemed to agree that that is what happened.

---

Notwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged.

TEX. CODE CRIM. PROC. ANN. art. 39.14(h).

**B.      Whitten Waived Any Complaint When He Refused to Review the Discovery**

Neither Whitten nor the State presented any cases where, as here, the defendant affirmatively declined to review discovery materials, and we have discovered none. While we agree that subsection (h) does not require a request by the defendant,[9] we will not find error and let the appellant benefit when his own choice at trial led to this situation. "[A] party cannot take advantage of an error that it invited or caused, even if such error is fundamental." *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) (citing *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999)). "To hold otherwise would be to permit him to take advantage of his own wrong." *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999).[10]

Not only did the trial court make multiple offers to arrange for Whitten's review of discovery materials, but the State also offered, in Whitten's presence, to "go to the jail and make [the discovery materials] available to him." Nonetheless, Whitten twice, in answer to the trial court's question if he wanted to review the discovery materials, "shook his head in the negative," indicating that he did not want to review the information the State offered to provide.

Whitten refused to review the discovery materials. He cannot now complain of a statement made by the trial court at sentencing where, had Whitten simply accepted offers by the trial court and State to review the discovery, Whitten could have impeached testimony that at

---

[9]"Article 39.14(h) places upon the State a free-standing duty to disclose all 'exculpatory, impeaching, and mitigating' evidence to the defense that tends to negate guilt or reduce punishment." *Watkins v. State*, 619 S.W.3d 265, 277 (Tex. Crim. App. 2021) (quoting TEX. CODE CRIM. PROC. ANN. art. 39.14(h)).

[10]"Article 39.14 does not give the trial court the authority to order the State to create a document that is not already in its possession, custody, or control." *In re State ex rel. Skurka*, 512 S.W.3d 444, 455 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding) (citing *In re State ex rel. Munk*, 448 S.W.3d 687, 692 (Tex. App.—Eastland 2014, orig. proceeding); *In re Watkins*, 369 S.W.3d 702, 706–07 (Tex. App.—Dallas 2012, orig. proceeding)). We cannot conceive how the trial court here could compel Whitten to view discovery materials after his explicit refusal.

least one witness thought a shot had been fired. Whitten waived his appellate complaint by his actions at trial. We, therefore, overrule Whitten's first point of error.

### III. Whitten Failed to Preserve his Claim that Article 39.14 is Unconstitutional for Pro Se Defendants

Next, Whitten complains that Article 39.14 is unconstitutional because it punishes defendants who represent themselves at trial. He argues that because Article 39.14 precludes defendants from possessing discovery materials, pro se defendants are denied due process and equal protection.

Our reasoning above applies here as well. Whitten could have made these arguments to the trial court. Pro se defendants are granted no "special consideration" and must satisfy rules of evidence and procedure just as licensed attorneys. *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988). "As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion." *Garcia v. State*, 553 S.W.3d 645, 648 (Tex. App.—Texarkana 2018, pet. ref'd) (quoting TEX. R. APP. P. 33.1(a)(1)). "[E]ven constitutional errors may be waived by failure to object at trial." *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

Whitten's appointed appellate counsel filed a motion for new trial raising these constitutional claims, but there is nothing in the record demonstrating that Whitten had no opportunity to make these arguments to the trial court. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (motion for new trial did not preserve appellate argument where appellant was "given an opportunity to object and to present evidence, but he did neither").

7

Because Whitten did not timely raise this complaint to the trial court, we overrule his second point of error.

## IV.     Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     October 2, 2023
Date Decided:        October 23, 2023

Do Not Publish