WR-81,953-06
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/23/2015 4:56:23 PM
Accepted 1/26/2015 8:15:17 AM
ABEL ACOSTA
CLERK

NO. _____

| | | |
|---|---|---|
| In re STATE OF TEXAS | § | IN THE COURT OF |
| | § | |
| ex rel MICHAEL MUNK, District | § | CRIMINAL APPEALS |
| | § | |
| Attorney, 106th Judicial District | § | IN AUSTIN, TEXAS |

RECEIVED
COURT OF CRIMINAL APPEALS
1/26/2015
ABEL ACOSTA, CLERK

# STATE'S APPLICATION FOR
# WRIT OF PROHIBITION

MICHAEL MUNK
District Attorney
106th Judicial District
P.O. Box 1124
Lamesa, TX 79331
806-872-2259
806-872-3174 fax
michael.munk@co.dawson.tx.us
SBN 24052943

ATTORNEY FOR STATE

**Oral argument waived**                                    **January 23, 2015**

# LIST OF PARTIES AND COUNSEL

Relator                                     Counsel

State                                       Michael Munk, District Attorney
                                            106th Judicial District
                                            SBN 24052943
                                            P.O. Box 1124
                                            Lamesa, TX  79331
                                            (806) 872-2259
                                            (806) 872-3174 fax
                                            michael.munk@co.dawson.tx.us



Respondent                                  Counsel

Hon. Carter T. Schildknecht,                Unknown at this time
    Judge, 106th District Court

# TABLE OF CONTENTS

List of Parties and Counsel.................................................................ii

Table of Contents...........................................................................iii

Index of Authorities.......................................................................iv

Application....................................................................................1

Factual Background........................................................................2

Argument......................................................................................7

Prayer..........................................................................................11

Certificate of Service....................................................................12

Certificate of Compliance.............................................................13

Appendix.....................................................................................14

# INDEX OF AUTHORITIES

## STATUTES

TEX. CODE CRIM. PROC. ART. 39.14............................................................................2, 7-9

TEX. CODE CRIM. PROC. ART. 44.01.............................................................................1


## CASES

*Brady v. Maryland,* 373 U.S. 83 (1963)...............................................................8

*Dalbosco v. State,* 978 S.W.2d 236 (Tex. App.—Texarkana 1998, pet. ref'd).......8

*Dickens v. Court of Appeals,* 727 S.W.2d 542 (Tex. Crim. App. 1987)..................7

*Harm v. State*, 183 S.W.3d 403 (Tex. Crim. App. 2006).......................................9

*Hoffman v. State*, 514 S.W.2d 248 (Tex. Crim. App. 1974)...................................7

*In re State*, 162 S.W.3d 672 (Tex. App.—El Paso 2005, no pet.).........................7

*In re State ex rel. Munk*, 2014 Tex. App. LEXIS 12212 (Tex. App.—Eastland
    Nov. 10, 2014)....................................................................................4, 9

*In re Stormer*, 2007 Tex. Crim. App. Unpub. LEXIS 1154 (Tex. Crim. App.
    June 20, 2007)........................................................................................7

*In re Watkins*, 2008 Tex. App. LEXIS 1145 (Tex. App.—Dallas
    Feb. 15, 2008, no pet.)...........................................................................9

*In re Watkins*, 367 S.W.3d 932 (Tex. App.—Dallas 2012, no pet.)........................9

*In re Watkins*, 369 S.W.3d 702 (Tex. App.—Dallas 2012, no pet.).....................7, 9

*Kyles v. Whitley*, 514 U.S. 419 (1995)...................................................................8

*Menefee v. State*, 211 S.W.3d 893 (Tex. App.—Texarkana 2006, pet. ref'd).........7

*State ex rel. Wade v. Stephens*, 724 S.W.2d 141 (Tex. App.—
     Dallas 1987, no pet.)..................................................................................8-9

*State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924
     (Tex. Crim. App. 2001).....................................................................................9

| In re STATE OF TEXAS | § | IN THE COURT OF |
| | § | |
| ex rel MICHAEL MUNK, District | § | CRIMINAL APPEALS |
| | § | |
| Attorney, 106th Judicial District | § | IN AUSTIN, TEXAS |

## STATE'S APPLICATION FOR
## WRIT OF PROHIBITION

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

NOW COMES the State, by and through its District Attorney for the 106th Judicial District of Gaines County, and respectfully requests this Honorable Court to grant this Application and issue a writ of prohibition preventing the 106th District Court from requiring, absent a showing of good cause, that the State generate and provide to defendants criminal histories of the State's non-law-enforcement witnesses in any future cases. Judge Carter T. Schildknecht of the 106th Judicial District[1] has repeatedly ordered the State to produce criminal histories for all of the State's non-law enforcement witnesses and provide them to defendants, without regard to whether such histories exist or are in the State's possession. Relator's right to appeal is limited to those grounds enumerated in TEX. CODE CRIM. PROC. ART. 44.01, none of which address such orders or would protect Relator from having to produce the discovery contemplated by

---

[1] The 106th Judicial District encompasses a large area and is composed of Dawson, Gaines, Garza, and Lynn Counties. Garza and Lynn Counties lie within the geographic jurisdiction of the 7th Court of Appeals in Amarillo, while Dawson and Gaines Counties lie within the jurisdiction of the 11th Court of Appeals in Eastland.

1

Respondent's orders; thus, the State has no adequate remedy at law. Furthermore, Relator has a clear right to the relief sought.

The trial court has no authority to order the State to provide discovery that exceeds the scope of TEX. CODE CRIM. PROC. ART. 39.14, as that article existed prior to its amendment via the Michael Morton Act or as it exists today.

## FACTUAL BACKGROUND

As recently as June 17, 2014, at a hearing regarding *State v. Bobby Glenn Blair*, Garza County cause # 13-2673, Respondent stated on the record: "I am certainly not ordering the State to run any NCIC or TCIC records….If it is not [in the State's possession], they do not have to go out and seek it." Since that time, however, Respondent has changed her stance, regularly ordering the State to perform criminal history searches and provide the results to defendants. As a result, Relator has had to repeatedly petition the Courts of Appeals and the Court of Criminal Appeals for mandamus relief.

On August 11, 2014, Relator was ordered to provide criminal histories in the Lynn County case of *State v. Sammy Carl Williams*, trial cause # 14-3151. Relator immediately filed an emergency petition with the 7th Court of Appeals at Amarillo, since trial was due to begin with jury selection that Friday, August 15, 2014. Relator was unable to obtain a transcript of the pretrial hearing in time to include it with Relator's petition. The 7th Court of Appeals denied Relator's petition, stating,

2

"we do not see the language in Respondent's order of which Relator specifically complains." *In re Munk*, 2014 Tex. App. LEXIS 9083 (Tex. App.—Amarillo Aug. 15, 2014).

On September 2, 2014, in the Garza County case of *State v. Oscar Fisher*, cause # 14-2685, a hearing was held regarding pretrial motions filed by the Defendant. Defendant's motion requested criminal histories of the State's non-law-enforcement witnesses; at the hearing, however, counsel for Defendant orally withdrew that portion of his motion. Appendix A p5 line 7-9. Respondent replied, "Well, the Court's going to order the State to -- to provide criminal histories on each one of its non-law enforcement witnesses. That is -- that is the custom of this Court." Appendix A p5 lines 10-13. On September 15, 2014, Relator petitioned the Court of Criminal Appeals for writs of mandamus and prohibition in cause numbers WR-81,953-03 and WR-81,953-04. Relator was denied leave to file his petitions on November 11, 2014.

On October 6, 2014, Relator petitioned the 11th Court of Appeals regarding a similar over-broad discovery order issued in the Gaines County case of *State v. Desirae Mata*, cause # 14-4487. On November 10, 2014, in cause 11-14-00268-CV, the 11th Court of Appeals conditionally granted Relator's request for a writ of mandamus to require Respondent to withdraw her order directing Relator to perform criminal history searches on all of Relator's non-law-enforcement

3

witnesses and provide the results to the Defendant. *In re State ex rel. Munk*, 2014 Tex. App. LEXIS 12212 (Tex. App.—Eastland Nov. 10, 2014). Because Respondent withdrew the order and substituted an order in compliance with the decision of the 11th Court of Appeals, the mandamus was not issued, and the emergency stay was dissolved.[2]

Since that time, however, Respondent has engaged in a repeated pattern of issuing orders that violate the opinion of the 11th Court of Appeals and existing case law:

- On November 12, 2014, at a pretrial hearing in Dawson County for cause 14-7365, *State v. Noverto Jesus Gutierrez* (Appendix D), counsel for Defendant requested that the State generate and provide criminal histories for all of the State's non-law-enforcement witnesses. Respondent made note that the case occurred on January 1, 2014, and was subject to the Michael Morton Act. Respondent stated, "I'm not saying anything about anything from the opinion from the 11th Court of Appeals in this case." Appendix C p5 lines 21-23. When pressed to articulate why a post-Morton case would be different from a pre-Morton case with regard to criminal histories not in the State's possession, Respondent simply stated, "I'm granting the defendant's request for discovery." Appendix C p6 line 25-p7 line 1. When

---

[2] Notably, Nicomedes Sosa, a co-defendant of Desirae Mata, filed a motion for discovery requesting criminal histories of the State's non-law-enforcement witnesses many months earlier. Although their cases involved the same evidence and witnesses, Sosa's motion was heard and denied on April 24, 2014. See Appendix B.

4

the State asked for clarification as to whether the order required the State to search for and provide histories not already in the State's possession, Respondent carefully replied, "I think the record is clear that I have granted the defense's request for discovery." Appendix C p7 lines 18-19. Respondent would clarify her order no further.[3]

- On December 1, 2014, at a pretrial hearing in Lynn County for Cause # 14-3145, *State v. Virginia Aleman* (Appendix D), Respondent again granted a motion for discovery requiring production of criminal histories for all non-law-enforcement witnesses, over the objection of the State. Appendix D p10 lines 6-7. Respondent did not require the Defendant to show that such histories existed or that they were in the possession of the State. Again, when asked to clarify her order on the record as to whether or not it required the production of histories not already in the State's possession, Respondent replied, "I have ruled already." Appendix D p10 lines 8-11.

- Also on December 1, 2014, at a pretrial hearing in Lynn County for Cause # 14-3152, *State v. Ricardo Liendo Quintero* (Appendix E), Respondent granted another motion for discovery requiring production of criminal histories of non-law-enforcement witnesses, over the objection of the State.

---

[3] *State v. Gutierrez* has since been disposed of by way of a guilty plea, without the State having to produce the ordered criminal histories. The transcript is included here, however, to illustrate Respondent's growing disdain for the opinion of the 11th Court of Appeals, issued only two days prior.

5

Appendix E p7 lines 13-15.  Once again, Respondent did not require the Defendant to show that such histories existed or that they were in the possession of the State.  When Relator stated that, unless the order was further clarified on the record, the State would only provide histories in the actual possession of the State, Respondent replied, "I don't believe we're going to the 11th Court in this county."  Appendix E p8 lines 19-20.  Again, when asked to clarify her order on the record as to whether or not it required the production of histories not already in the State's possession, Respondent replied, "I have made my ruling."  Appendix E p9 line 8.

- On December 3, 2014, at a pretrial hearing in Dawson County for Cause # 13-7340, *State v. Andrew Ogeda* (Appendix F), Respondent again granted a motion for discovery requiring production of criminal histories.  On this occasion, only two histories were requested, as only two persons on the State's witness list were non-law-enforcement witnesses.  On this occasion, Respondent noted that it was a pre-Morton act case, but stated on the record that, "The Court has said that it does not think that is an undue burden on the State to provide those.  And they are to be provided…."  Appendix F p6 lines 23-25—p7 line 1.  This statement is in direct conflict with the 11th Court of Appeals' holding in cause 11-14-00268-CV regarding this specific Respondent.

# ARGUMENT

TEX. CODE CRIM. PROC. ART. 39.14 is a limiting statute; it grants a trial court limited authority to order the production of any documents which contain evidence material to any matter involved in the action. *In re State*, 162 S.W.3d 672, 676 (Tex. App.— El Paso 2005, no pet.). A criminal defendant's right to discovery is limited to exculpatory or mitigating evidence in the State's possession, custody, or control. *Id*, citing *Dickens v. Court of Appeals*, 727 S.W.2d 542, 551 (Tex. Crim. App. 1987).

The State has no duty to seek out exculpatory information independently on the defendant's behalf. *Menefee v. State*, 211 S.W.3d 893, 904 (Tex. App.— Texarkana 2006, pet. ref'd). A court has no discretion to order discovery beyond the scope of article 39.14 or to circumvent its limits. *Hoffman v. State*, 514 S.W.2d 248, 252 (Tex. Crim. App. 1974). A trial court does not have the authority to order the State to create a document that it does not already have. *In re Stormer*, 2007 Tex. Crim. App. Unpub. LEXIS 1154 (Tex. Crim. App. June 20, 2007) (not designated for publication). TEX. CODE CRIM. PROC. ART. 39.14 does not authorize a court to impose a duty on the State to seek out and obtain information for the benefit of the defense. *In re Watkins*, 369 S.W.3d 702, 706 (Tex. App.—Dallas 2012, no pet.).

In issuing her discovery orders, Respondent is exceeding the permissible bounds of article 39.14, both prior to and subsequent to its amendment by the

7

Michael Morton Act.  Respondent does not require defendants to make any showing of good cause, any showing that the information sought actually exists, or that it is in the possession of the State.  Respondent also has not required defendants who ask for criminal histories to make a showing of materiality, as required by TEX. CODE CRIM. PROC. ART. 39.14(a) (both prior to the effective date of the Michael Morton Act and as amended), *Brady v. Maryland,* 373 U.S. 83 (1963), and *Kyles v. Whitley*, 514 U.S. 419 (1995).

It is important to note that the information that the various defendants seek to discover is easily available by other means.  Access to the Texas Department of Public Safety's public criminal history database is available to any free registrant at the DPS records website[4].  Performing a search costs approximately $3.58 as of January 2, 2015.  While there is no "public records" exception to the *Brady* rule, documents that are part of public records are not deemed suppressed by the State if the defense should know of them and fails to obtain the records because of a lack of diligence in his own investigation.  *Dalbosco v. State*, 978 S.W.2d 236, 238 (Tex. App.—Texarkana 1998, pet. ref'd).  The State is not required to furnish exculpatory or mitigating evidence that is fully accessible from other sources. *Harm v. State*, 183 S.W.3d 403, 407 (Tex. Crim. App. 2006).

A trial court's criminal discovery orders must fall within the confines of the limited authorization in Tex. Code Crim. Proc. art. 39.14.  *State ex rel. Wade v.*

[4] https://records.txdps.state.tx.us/DPSWEBSITE/CriminalHistory/

8

*Stephens*, 724 S.W.2d 141, 144(Tex. App.—Dallas 1987, no pet.). Article 39.14 is "intended…to constitute a comprehensive pretrial discovery statute, and that criminal discovery orders must fall within the confines of that article's limited authorization. A corollary of this rule is that trial courts lack inherent authority to order pretrial discovery any greater than that authorized by article 39.14." *Id.* Respondent's orders are so broad that they require the State to run and provide criminal histories not already in its possession to the defense. Such orders have been held to be illegal. *In re Watkins*, 367 S.W.3d 932, 933 (Tex. App.—Dallas, 2012, no pet.); *In re Watkins*, 369 S.W.3d 702 at 706; *In re State ex rel. Munk*, 2014 Tex. App. LEXIS 12212 (Tex. App.—Eastland Nov. 10, 2014) at *9. A ministerial duty exists where there is no discretionary decision to be made; that is, the duty to enter or not enter the order is "'positively commanded and so plainly prescribed' under the law 'as to be free from doubt.'" *In re Watkins*, 2008 Tex. App. LEXIS 1145 (Tex. App.—Dallas, Feb 15, 2008) at *3 (quoting *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924 (Tex. Crim. App. 2001)). The trial court therefore had no discretion to enter its discovery orders and violated its ministerial duty.

Defense attorneys continue to present the court with discovery motions that request criminal histories, some of which are currently pending and have not yet been ruled on. The State therefore requests a writ of prohibition barring the court

from requiring the State to provide criminal histories in the future without a showing that (1) the information actually exists, (2) that good cause exists for its disclosure, (3) that the information is material to the case, and (4) the information is in the State's actual possession. Respondent has repeatedly demonstrated that she will continue to issue orders requiring the State to generate and provide criminal histories, even after the 11th Court of Appeals ruled that she exceeded her lawful authority. It is clear that, unless the Writ of Prohibition is issued, Respondent will continue to disregard the instructions of the Court of Appeals.

## PRAYER

WHEREFORE PREMISES CONSIDERED, State respectfully requests that this Honorable Court issue a writ of prohibition ordering the 106th District Court to refrain from ordering similar unlawful discovery in the future, absent a showing of good cause, materiality, and actual possession.

Respectfully submitted,

Michael Munk
District Attorney
106th Judicial District
P.O. Box 1124
Lamesa, Texas 79331
(806) 872-2259
(806) 872-3174 fax
michael.munk@co.dawson.tx.us
Bar No. 24052943

## CERTIFICATE OF SERVICE

I, Michael Munk, District Attorney for the 106th Judicial District, hereby certify that a true copy of the above and foregoing Application for Writ of Prohibition was transmitted by email to Judge Carter T. Schildknecht, on this the 23rd day of January, 2015.

_____
Michael Munk
ATTORNEY FOR STATE

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e).  It has been prepared on a computer using a conventional typeface (Times New Roman) in 14-point size.  This document also complies with the word count provisions of Tex. R. App. P. 9.4(i) because it contains 2,163 words, as counted by the program used to create the document, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

_____
Michael Munk
ATTORNEY FOR STATE

# Appendix A

Pretrial Hearing Transcript
September 2, 2014

Garza County Cause # 14-2685,
*State v. Oscar Fisher*

REPORTER'S RECORD

VOLUME 1 OF 1 VOLUME

TRIAL COURT CAUSE NO. 14-2685

| THE STATE OF TEXAS | ) IN THE DISTRICT COURT |
| vs. | ) GARZA COUNTY, TEXAS |
| OSCAR CALVIN FISHER | ) 106TH JUDICIAL DISTRICT |

_____

**PRETRIAL HEARING**
_____

On the 2nd day of September, 2014, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Carter T. Schildknecht, Judge Presiding, held in Post, Garza County, Texas.

Proceedings reported by computerized stenotype machine.

**APPEARANCES**

Jason Bujnosek
SBOT NO. 24036285
District Attorney's Office
Assistant District Attorney
P.O. Box 1124
Lamesa, Texas 79331
Telephone:  806-872-2259
Fax:  806-872-3174
Counsel for the State

Justin-Tyler Robert 'Justin' Kiechler
SBOT NO. 24067706
The Kiechler Law Firm PLLC
619 Broadway
Lubbock, Texas 79401
Telephone:  806-712-2889
Fax:  806-712-2529
E-mail:  Justin@thelubbocklawyer.com
Counsel for the Defense

VOLUME 1

PRETRIAL HEARING

September 2, 2014

                                                    PAGE VOL.
Reporter's Certificate ...........................9    1

THE COURT:  Court calls Cause Number 14-2685, State of Texas versus Oscar Calvin Fisher.

MR. BUJNOSEK:  State's ready.

MR. KIECHLER:  Ready, Your Honor.  May I approach?

THE COURT:  You may.

MR. KIECHLER:  Here's some orders for my pretrial motions.

THE COURT:  We don't have a trial date set in this case.  I have several orders that have been presented to the Court.  Have the -- have the motions for these been presented to the State?

MR. KIECHLER:  They have, Your Honor.  And we would be requesting another date for one -- a hearing on one of the matters anyway.  I believe that's the last order set -- or last order --

THE COURT:  Actually, I pulled it to the top.

MR. KIECHLER:  Oh, okay.

THE COURT:  Other than that one, which is basically your application for writ of habeas corpus and exception to the substance of the indictment, is there anything that you need assistance from the Court on?

MR. KIECHLER:  I don't believe so.  Jason and I have talked and have worked out most of the

issues.  I think we can resolve everything else.

MR. BUJNOSEK:  That's correct.  I didn't see anything out of the ordinary in the motions.  The only order that we would object to or the request that we would object to is providing of criminal histories language motion that's attached to --

MR. KIECHLER:  And defense is in agreement with their objections.  That's fine at this time, on the criminal histories.

THE COURT:  Well, the Court's going to order the State to -- to provide criminal histories on each one of its non-law enforcement witnesses.  That is -- that is the custom of this Court.

Okay.  Well, let's just -- let's just look at these before I go ahead and sign them.  The motion for discovery of punishment evidence, you say that's agreed?

MR. BUJNOSEK:  Yes, Your Honor.

THE COURT:  The motion for production of evidence favorable to the accused.  Well, that one's going to be granted.

MR. BUJNOSEK:  Yes, Your Honor.

THE COURT:  The motion for discovery.  Is there any need for assistance on that or have you been provided everything that --

MR. BUJNOSEK:  The only thing I would object to, Your Honor, as I stated earlier is in Section 1, Sub A witnesses Sub 4, record of each witness.

THE COURT:  And the Court does order that so this -- this is granted.

MR. BUJNOSEK:  Understood, Your Honor.

THE COURT:  Only as it applies to non-law enforcement.

And the motion in limine.

MR. BUJNOSEK:  I didn't see anything objectionable, Your Honor.

THE COURT:  Are you-all still trying to work on anything or are --

MR. BUJNOSEK:  Trying to get it worked out, yes, ma'am.

THE COURT:  And so let's look at the application for the writ of habeas corpus and exception to the substance of the indictment.  I guess I could set that for a hearing.  I just -- do you -- do you agree with Mr. Bujnosek that you-all are still trying to see if you can work something out?

MR. KIECHLER:  Yes, ma'am.

THE COURT:  Without taking the Court's time for this hearing, I'm trying to see if we could wait and not set it until we see if things are falling

through --

MR. KIECHLER:  Yes, ma'am.

THE COURT:  -- would that be agreeable?

MR. KIECHLER:  That's fine with the defense.

MR. BUJNOSEK:  Absolutely, Your Honor.

THE COURT:  Okay.  Then at this point I'm not going to set that.  And if you-all will continue seeing if you can work something out in this case without taking the need for this hearing.  And if we need to have it, well, then we'll set it.

MR. BUJNOSEK:  Okay.  If Mr. Kiechler is fine with holding that up, then it's fine with me.

THE COURT:  Okay.

MR. KIECHLER:  -- provide a progress report here in two weeks.

THE COURT:  Thank you very much.  The next time we'll be here would be September 30th and then October 14th.  Which -- should we skip to October 14th to give you-all more time or September 30th would be four weeks?

MR. KIECHLER:  We can do the 30th, Your Honor.

THE COURT:  Just reset to the 30th.

MR. KIECHLER:  Yes, ma'am.

THE COURT:  Okay.  Thank you very much.

MR. BUJNOSEK:  Thank you, Your Honor.

MR. KIECHLER:  Thank you.

(Proceedings concluded.)

STATE OF TEXAS

COUNTY OF GARZA

I, J'Lyn Sauseda, Official Court Reporter in and for the 106th District Court of Garza County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $ 54.00   and was paid/***will be*** paid by Michael Munk, District Attorney.

/s/ J'Lyn Sauseda

J'Lyn Sauseda, CSR
Texas CSR 7890
Official Court Reporter
106th District Court
Garza County, Texas
400 South 1st, Suite 302
Lamesa, Texas 79331
Telephone: 806-872-3740
Expiration: 12/31/15

# Appendix B

**Pretrial Hearing Transcript
April 24, 2014**

**Gaines County Cause # 12-4242,
*State v. Nicomedes Sosa***

REPORTER'S RECORD
TRIAL COURT CAUSE NO. 12-4242

THE STATE OF TEXAS,      )(   IN THE DISTRICT COURT
                         )(
VS.                      )(   GAINES COUNTY, TEXAS
                         )(
NICOMEDES DANIEL SOSA II  )(   106TH JUDICIAL DISTRICT

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

Requested Excerpts Re: Defendant's Motion Number 27

* * * * * * * * * * * * * * * * * * * * * * * * * * *

On the 24th day of April, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Carter Schildknecht, Judge Presiding, held in Seminole, Gaines County, Texas.

Proceedings reported by stenograph machine.

APPEARANCES

Mr. Michael Munk
Courthouse Annex
609 North 1st Street
Lamesa, Texas 79331
ATTORNEY FOR THE STATE

Mr. David Guinn
1805 13th Street
Lubbock, Texas 79401
ATTORNEY FOR THE DEFENDANT

PROCEEDINGS

APRIL 24, 2014, MORNING SESSION

THE COURT: Mr. Sosa, where I called your case just a little bit ago and you weren't over here yet, they had to take time to go get you, but we're here for the purpose of taking up some of your pretrial motions.

(Requested excerpts as follows:)

THE COURT: Number 27 is the Defendant's motion for discovery of criminal records and other unfavorable evidence of all State's witnesses.

MR. MUNK: Your Honor, I do have an issue with motion number 27, particularly that it calls for running criminal histories on all witnesses without a showing that they are currently in the State's possession.

This is unprecedented. It's outside the scope of 39.14 and Brady, and a Dallas Court in 2012 was mandamused for requiring such a thing. I have that court case for Your Honor and for counsel. And it goes on to also cite other cases with the same holding. Specifically, Judge, on page 4. Well, let me show you the cases first.

THE COURT: Have you shown them to opposing counsel?

MR. GUINN: Not yet, Judge.

MR. MUNK: And for the record let me -- thank you, Judge. I'll get the citation on record. 369 Southwest

3rd 702. Judge, on the last page, second new paragraph, I quote: "But if the State had not already obtained the information about the law enforcement witnesses neither Brady nor Article 39.14 imposes a duty on the State to obtain that information," citing Kiles v. Whitley 514 US 419, 1995, "Applying to discovery of tangible things in the State's file." Also, in re: Stormer 2007 Court of Criminal Appeals in an unpublished opinion holding, "39.14 does not give trial court authority to order the State to create a document that does not currently exist." And so on, Judge. There's more cases in that citation.

So we agree to turn over all 609 notices of the Co-Defendant. Obviously we run those criminal histories. But anything that we have not run and is not in our possession I'm objecting to running those, Your Honor.

MR. GUINN: And Judge, I would just state that I understand not running law enforcement criminal histories. I get that. I would just ask that non-law enforcement witnesses, if they're going to testify, that that could be impeachment bias, some sort of animus or ill will towards the Defense or State, but I think it's prudent for us to ask them to run those criminal histories, and if nothing is found then nothing is found and they're not getting anything, but on non-law enforcement witnesses I think that -- I think we run a real great risk of at some point maybe having to fight that

out at an appellate level if we don't have criminal histories on folks.

MR. MUNK: I don't think the holding has anything to do with whether they're law enforcement or not, Your Honor. I think the question is whether they're in the State's file or in the State's possession.

THE COURT: Well, that first sentence does refer to law enforcement witnesses. "But if the State had not already obtained the information about the law enforcement witnesses" is the way it begins.

MR. MUNK: Yes, Your Honor. In this holding I think it was strictly limited to a request for law enforcement records, but I think the holding is just as applicable to any criminal history not in the State's possession.

THE COURT: Do you not have the ability to seek those criminal histories?

MR. GUINN: No, ma'am. I can use the Internet search engines, and they might provide some information, but it's hardly reliable in most instances.

THE COURT: Well, I think before I would grant this I would require that you be able to show some cause for that information, something that has given you reason to have some good thoughts that there might be something that exists.

MR. GUINN: Okay, Judge.

THE COURT: So as far as the broad way that this

is written, I think I will deny it as it is written. And then at some point, if you need to, you can come back more specifically.

MR. GUINN: Okay. Thank you, Judge.

MR. MUNK: Short of that, Your Honor, we have no objections to that.

THE COURT: Then let's go, then, to number 28.

(Requested excerpts concluded)

THE STATE OF TEXAS )

COUNTY OF LUBBOCK )

I, Donald C. Harvey, Certified Shorthand Reporter in and for the State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all requested excerpts of the proceedings in the styled and numbered cause, all of which occurred in open court.

I further certify that there were no exhibits marked, identified, offered or admitted during the requested excerpted proceedings.

WITNESS MY OFFICIAL HAND this the 23rd day of October, 2014.

_____
DONALD C. HARVEY, Texas CSR 379
Firm Registration No. 168
Expiration Date: 12-31-14
709 Broadway, Lubbock, Texas 79401
(806) 744-7754; Fax: (806) 744-7965
Email: rhc709@gmail.com

# Appendix C

**Pretrial Hearing Transcript**
**November 12, 2014**

**Dawson County Cause # 14-7365,**
*State v. Noverto Gutierrez*

REPORTER'S RECORD

VOLUME 1 OF 1 VOLUME

TRIAL COURT CAUSE NO. 14-7365

| STATE OF TEXAS | ) IN THE DISTRICT COURT |
| | ) |
| vs. | ) DAWSON COUNTY, TEXAS |
| | ) |
| NOVERTO JESUS GUTIERREZ | ) 106TH JUDICIAL DISTRICT |

_____

**PRETRIAL HEARING**
_____

On the 12th day of November, 2014, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Carter T. Schildknecht, Judge Presiding, held in Lamesa, Dawson County, Texas.

Proceedings reported by computerized stenotype machine.

**APPEARANCES**

Michael S. Munk
SBOT NO. 24052943
District Attorney
Jason Bujnosek
SBOT NO. 24036285
Assistant District Attorney
P.O. Box 1124
Lamesa, Texas 79331
Telephone:  806-872-2259
Fax:  806-872-3174
Attorneys for the State


Brian E. Murray
SBOT NO. 14719600
Attorney at Law
915 Texas Avenue
P.O. Box 1469
Lubbock, Texas 79408
Telephone:  806-763-8846
Fax:  806-744-1278
Counsel for the Defendant

VOLUME 1

PRETRIAL HEARING

November 12, 2014

                                                    PAGE VOL.
Reporter's Certificate .........................12   1

THE COURT:  Court calls Cause Number 14-1365, the State of Texas versus Noverto Jesus Gutierrez.

MR. BUJNOSEK:  State's ready.

MR. MURRAY:  We're ready, but I'll go tell them to...

THE COURT:  Okay.  I can't see anyone that I can get their eye.

Okay.  In Cause Number 14-7365, State of Texas versus Noverto Jesus Gutierrez.  We're here on pretrial or plea agreement.

Is there any assistance that is needed on any pretrial matters by the defense?

MR. MURRAY:  Judge, we have been provided discovery.  And we do want the criminal records of all of the State's witnesses.  And that's asked for in our motions.  The Court's got copies of my motions, I believe.

THE COURT:  I believe they're in here in the file.

MR. BUJNOSEK:  And, of course, the State objects to providing criminal histories on any witnesses that we do not already have in our possession.  That appears to be item 11 of the defendant's motion for discovery, production and inspection of evidence.  If

they are in our possession, of course, we will provide those to the defense.

THE COURT: And let -- and let the Court note that the date of this offense was January 1st, 2014.

MR. MURRAY: That's correct.

THE COURT: So the discovery does file under the Michael Morton Act.

MR. MURRAY: Yes, ma'am.

MR. MUNK: Judge, I'd be happy to take that up. I believe the Court is making a distinction between the recent 11th Court opinion and this case.

However, there is a valid opinion, and I think the burden falls on the proponent to show why the Michael Morton Act would render a different opinion in this case, because the 11th Court did not say that their opinion did not apply to post-Michael Morton cases. It simply said that they weren't rendering an opinion on post-Michael Morton cases.

THE COURT: I understand that, but I've also read 39.14. And that -- and I'm not saying anything about anything from the opinion from the 11th Court of Appeals in this case.

MR. MUNK: Maybe I misunderstood the Court's implication. Is there a ruling as to the

criminal history request?

MR. MURRAY: Your Honor, that certainly -- not only is it covered under Michael Morton, but as Mr. Munk is well aware, that goes to Kyles-Whitley impeachment. Criminal records of witnesses is absolutely discoverable for impeachment purposes. And I think in this case that's probably going to be fairly important, fairly material for the defense.

MR. MUNK: And Kyles falls under the Brady progeny. And under the Brady argument, that fails, and the 11th Court covered that. The State is not required to go out and search for exculpatory evidence that it does not know exists. That was covered by the 11th Court opinion. The only thing they didn't cover is whether the Michael Morton Act would render a different opinion, and that has nothing to do with Brady. That has to do with the new 39.14.

MR. MURRAY: And with all due respect, Judge, Brady and its progeny, including Kyles versus Whitley, is a United States Supreme Court case, not an 11th Court, and we -- and the State, in fact, does have a duty to make affirmative inquiry into the -- and they certainly have access to TCIC and NCIC for that purpose, Your Honor.

THE COURT: I'm granting the defendant's

request for discovery.

MR. MURRAY:  Thank you, Your Honor.

THE COURT:  Was that the only thing that there was an objection on?

MR. BUJNOSEK:  Yes, Your Honor, at this time.

MR. MUNK:  Judge, before we go any further, I'm going to need clarification to understand exactly what extent this request is going.  Do we need to access the TCIC/NCIC databases in order to perform criminal history searches of all our witnesses and provide those searches to the defense?

MR. MURRAY:  We would ask him to, Your Honor.  I mean, they can do -- that's not an unreasonable request, given their access.  We don't have that access.  We certainly -- if we had the access, I wouldn't even be asking for it.

THE COURT:  I think the record is clear that I have granted the defense's request for discovery.

MR. MUNK:  I haven't been provided a copy of the written request for discovery.  So I don't know if that deviates from my previous question.

THE COURT:  Is there anything else that needs to be taken up?

MR. MURRAY:  Your Honor, we -- I've made a

404(b) request for notice of intent to offer extraneous.

THE COURT: Any objection to that?

MR. BUJNOSEK: No objection, Your Honor. We have not provided it to the defendant as of this date, and it will probably be by the end of next week before we can provide that, Your Honor.

MR. MURRAY: A motion to list witnesses, Your Honor.

We actually would like that notice of intent as early as possible. We'd say with -- at least -- we need at least two weeks' notice on that, Your Honor. I mean, that information --

THE COURT: It needs to be provided by a week from today.

MR. BUJNOSEK: Okay. I'll do my best, Your Honor.

THE COURT: And let's see. What was the next one? The list of witnesses?

MR. MURRAY: Yes, ma'am.

THE COURT: Has that been provided?

MR. BUJNOSEK: That has not been provided as of this date.

THE COURT: By one week from today, November 19th.

MR. BUJNOSEK: Yes, Your Honor.

MR. MURRAY:  Motion for exculpatory evidence.  I think we just talked about that with Brady and Kyles.  We're okay with that.  Y'all have any --

MR. BUJNOSEK:  Absolutely.  Everything under exculpatory evidence you're entitled to.  And, I believe we've given you everything in that order --

MR. MURRAY:  We've got motion for discovery.  Defense would put on the record if they have it, Your Honor.  He obviously knows what his criminal record is, and I think that'll be covered under 404(b).

THE COURT:  I believe it will be too.

MR. MURRAY:  Motion for disclosure of experts.

MR. BUJNOSEK:  At present, I'm not aware of needing any experts in this case --

THE COURT:  Well, if you --

MR. BUJNOSEK:  -- notice, Your Honor --

THE COURT:  By November 19th.

MR. BUJNOSEK:  Yes, Your Honor.

THE COURT:  Two weeks -- I mean, one week from today.

MR. MURRAY:  And then that's just to y'all.  That's a request for notice of extraneous.

MR. BUJNOSEK:  Okay.  Other bad acts.  Okay.  No objection, Your Honor.

MR. MURRAY: And then we've got a motion in limine, Your Honor, but anything in there I think can be addressed at trial. We'll just approach the bench. We just want the Court aware of the motion in limine.

THE COURT: All right. Anything else?

MR. MUNK: Judge, I have a request. The -- I understand the Court's ruling that the motion for discovery is granted. However, the motion for discovery is silent on whether the State needs to access TCIC and NCIC records in order to run criminal history searches and provide the criminal histories to the defendant. And I'm asking for clarification on that point.

THE COURT: I don't think anything needs to be clarified. This has all been put on the record, I think it was very clear. The Court is granting the defendant's request.

MR. MUNK: I cannot comply unless I understand the ruling, Judge.

THE COURT: Well, if you'll read the record, I think it was very plain. Whatever -- the way the defendant requested the discovery on that is granted.

MR. MUNK: Well --

THE COURT: That -- this -- if there's

nothing else that needs to be taken up, we're through here.

MR. MURRAY:  Thank you, Your Honor.

THE COURT:  Did the defense -- I mean, did the State have any pretrial motions that needed to be taken up?

MR. BUJNOSEK:  No, Your Honor.

THE COURT:  Okay.  We are concluded here. We will proceed to the December 3rd setting for pretrial or plea agreement.

(Proceedings concluded.)

STATE OF TEXAS

COUNTY OF DAWSON

I, J'Lyn Sauseda, Official Court Reporter in and for the 106th District Court of Dawson County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $72.00  and was paid/***will be*** paid by Michael S. Munk, District Attorney.

/s/ J'Lyn Sauseda

J'Lyn Sauseda, CSR
Texas CSR 7890
Official Court Reporter
106th District Court
Dawson County, Texas
400 South 1st, Suite 302
Lamesa, Texas 79331
Telephone:  806-872-3740
Expiration:  12/31/15

# Appendix D

**Pretrial Hearing Transcript**
**December 1, 2014**

**Lynn County Cause # 14-3145,**
*State v. Virginia Aleman*

REPORTER'S RECORD
VOLUME 1 of 1 VOLUMES
TRIAL COURT CAUSE NO. 14-3145

| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT |
| | ) | |
| VS. | ) | LYNN COUNTY, TEXAS |
| | ) | |
| VIRGINIA ALEMAN | ) | 106TH JUDICIAL DISTRICT |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PRETRIAL HEARING

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On the 1st day of December, 2014 the following proceedings came on to be heard in the above-styled and numbered cause before the Honorable Carter Schildknecht, Judge presiding, held in Tahoka, Lynn County, Texas:

Proceedings reported by Machine Shorthand.

A P P E A R A N C E S


MICHAEL MUNK                          MARK S. SNODGRASS
District Attorney                     Attorney at Law
SBOT NO. 24052943                     SBOT NO. 00795085
P.O. Box 1124                         1011 13th Street
Lamesa, Texas  79331                  Lubbock, Texas  79401
Phone:  (806) 872-2259                Phone:  (806) 762-0267
AND                                   ATTORNEY FOR THE DEFENDANT
JASON BUJNOSEK
Assistant District Attorney
SBOT NO. 24036285
P.O. Box 1124
Lamesa, Texas  79331
Phone:  (806) 872-2259

CHRONOLOGICAL INDEX
VOLUME 1

December 1, 2014                                    Page   Vol.

Appearances                                          2      1
Pretrial Hearings                                    4      1
Hearing adjourned                                   11      1
Court Reporter's Certificate                        12      1

THE COURT: Court calls Cause Number 14-3145; State of Texas versus Virginia Aleman.

MR. SNODGRASS: Present and ready, your Honor.

THE STATE: State's ready.

THE COURT: And we're here, I believe, on the third setting on the scheduling order, which is for either take up pretrial matters or a plea agreement.

MR. SNODGRASS: That's correct, your Honor.

THE COURT: And I believe there have been some pretrial motions filed on behalf of the Defendant. See if I can find orders to go with them.

MR. SNODGRASS: I have the original orders, your Honor.

THE COURT: Oh, okay. Let's just take these right as I come to them then. First, let's take up the Request for Notice of Intent to Offer Extraneous Conduct.

THE STATE: That's the 404(b) Motion, your Honor. I have no problem with that, and we will provide it to the Defense, your Honor.

THE COURT: Okay. Then that is granted. Mark, did you file -- did you send these motions to the clerk, and are these just my copies that I had?

MR. SNODGRASS: Yes, ma'am, they were mailed

to the clerk last Monday when we faxed them. With the short week and all, they may or may not have gotten them yet.

THE COURT: Okay. I just didn't know if these that I had with my -- what were sent to me in Lamesa if I needed to give them to the clerk or those were -- I've already kind of marked on this one.

MR. SNODGRASS: No, ma'am. We did mail them -- like I said, we mailed them last Monday, the seven days prior, and I don't know -- they may or may not have got here the way the mail's been running in Lubbock anyway. I don't know about here.

THE COURT: Well, I tell you what, why don't I -- I already put a check mark on that and I'll give them to you.

THE CLERK: Okay.

THE COURT: Okay. And that's the order -- that's the motion with the order that I just gave you. Then let's take up the 37.07, Request for Notice of Intent to Offer Extraneous Conduct, the 37.07(3)(g).

THE STATE: And certainly, your Honor, he's entitled to that, and we have no objection.

THE COURT: So that is granted without objection. And then the -- whoops, wait just a minute. This was over here in these orders. Let me give that

back to, Mark. That was with the orders. Let me give this back to you, Mark. This was in the midst of those orders that you gave to me.

MR. SNODGRASS: Stuck in there. Okay. Sorry about that, Judge.

THE COURT: Then the Motion for Disclosure of experts.

THE STATE: We have no problem with that, your Honor. No objection.

THE COURT: Okay. Without objection, then that is granted. It's to be provided no later than 5:00 o'clock in the evening on the fifth business day after the entry of this order or not later than the 20th day before the date that the trial is set to begin, whichever is earliest. Which sounds like that would be five days from today.

THE STATE: As I'm sure your Honor is aware, we've got a lot to prepare for in the next five days.

THE COURT: I understand that. That's your job. Right now -- right now we do not have an exact date, although I know it won't be obviously before the first of the year. Let me in this order, let's give the State a few more days since we don't have --

MR. SNODGRASS: Your Honor, I would represent to the Court, if it will make it any easier

for your scheduling purposes, there's some -- obviously this case is injury to a child is what's the cause it's indicted. Based on the discovery I've received, etcetera, there's allegations of potentially -- I don't know if they're going to bring an expert on shaken baby syndrome. What the -- you know, obviously it's their case to try, and I'm not going to tell them how to do it, but there's big contrast in the literature and the experts, etcetera, and based on whenever they designate their expert - and I'll leave that between the Court and the State - we may need time at that point once we realize what we're dealing with on their end to seek out an expert. So I'm not asking for the fastest trial setting, I guess is what I'm letting the Court be aware of, because we may need a continuance depending on when they designate their expert as to where we go.

THE COURT: Okay. Well, let me do this, instead of no later than 5:00 p.m. on the fifth business day after the entry of the date of this order, let's change that to the -- let's see --

MR. SNODGRASS: And also wouldn't be opposed to having another - whatever you'd like to call it - status conference, pretrial conference or --

THE COURT: Right. And I don't think we'll have anything before the 15th. So what we probably will

do on this is wait and go to January the 5th.

MR. SNODGRASS: That's fine, your Honor.

THE COURT: And so let me say -- I'm trying to count days. I'm going to change this language no later than 5:00 p.m. on the -- I want to get it to where it needs to be provided before our January the 5th setting. So no later than 5:00 p.m., I'm just going to change it, on the 4th day of January.

MR. SNODGRASS: That's fine, your Honor.

THE COURT: Okay. Then we will take up the Motion for Disclosure of Impeaching Information Under Kyles versus Whitley.

THE STATE: And, your Honor, in as much as this motion and the following motion, Motion to List Witnesses and Request for Criminal Histories, in as far as they require the State to run criminal histories on our witnesses and provide them to the Defense, I believe that exceeds the scope of 39.14. I believe the Court's discussed and is aware of our objections on that ground, and we would object to it on that basis.

THE COURT: Response, Mr. Snodgrass?

MR. SNODGRASS: Your Honor, I understand that there've been some recent litigation. I've seen the opinion. I am still of the opinion that the U.S. Constitution trumps procedural rules in Texas. I think

Brady and Kyles and Giglio and that whole line of cases out of the Supreme Court puts a duty on the State. Willful ignorance doesn't allow them to avoid it. It is permissible under the rules that -- you know, the same Rules of Procedure they say don't apply says we can use it in the Rules of Evidence. I think the Constitution under the Fifth and Sixth Amendment would require it as due process and effective representation of counsel. If the Court were to deny it, I would request a hearing that we bring every State's witness in here and have a pretrial hearing to determine whether or not they have a criminal history, because it's permissible under 609(f). So I'll leave it with the Court. But I think it should be granted.

THE COURT: Any response?

THE STATE: Your Honor, the Defense is essentially asking us to become their investigator. Just because it's more difficult for them to uncover witnesses' criminal history, whereas it's supposedly simpler for us to look it up in the data base is of no importance. He's asking us to become his investigator, look up criminal histories and provide them to him. Texas has never, and still under the new 39.14, does not require the State to do the Defendant's legwork for them.

THE COURT: Well, this Court is of the opinion that the State should provide that -- any impeaching information, and certainly the criminal histories would be included in that, to the Defense in order to satisfy the requirements that are set forth and the reason for those. So the Court is granting both of these motions.

THE STATE: And just for clarification purposes, your Honor, does that include criminal histories that are not in the State's possession?

THE COURT: I have ruled already. Anything else?

MR. SNODGRASS: No, not in this matter at this time, your Honor.

THE COURT: Right. And any pretrial motions or matters that need to be brought up on behalf of the State?

THE STATE: Not at this time, your Honor.

THE COURT: Okay. Then let's reset this. We'll skip the December 15th and go to the January 5th, and that will get those -- any experts -- the list of experts' information to the Defense at least the evening -- by 5:00 o'clock prior to that setting.

THE STATE: Yes, your Honor.

THE COURT: Okay. Thank you very much.

MR. SNODGRASS:  May Ms. Aleman be excused, your Honor.

THE COURT:  Yes.

(Hearing adjourned.)

THE STATE OF TEXAS    )

COUNTY OF LYNN        )

   I, Jamie Jackson, Deputy Official Court Reporter in and for the 106th District Court of Lynn County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested by the State, to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

   I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

   I further certify that the total cost for the preparation of this Reporter's Record is $ 60.00  and will be paid by Lynn County.

      WITNESS MY OFFICIAL HAND this the  11th   day of  December , 2014.


    _/S/ Jamie Jackson_____
    JAMIE JACKSON, Texas CSR #2583
    Expiration Date:  12-31-16
    P.O. Box 733
    Brownfield, Texas  79316
    (806) 637-9256

# Appendix E

**Pretrial Hearing Transcript
December 1, 2014**

**Lynn County Cause # 14-3152,
*State v. Ricardo Liendo Quintero***

REPORTER'S RECORD
VOLUME 1 of 1 VOLUMES
TRIAL COURT CAUSE NO. 14-3152

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT |
| | ) | |
| VS. | ) | LYNN COUNTY, TEXAS |
| | ) | |
| RICARDO LIENDO QUINTERO | ) | 106TH JUDICIAL DISTRICT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PRETRIAL HEARING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On the 1st day of December, 2014 the following proceedings came on to be heard in the above-styled and numbered cause before the Honorable Carter Schildknecht, Judge presiding, held in Tahoka, Lynn County, Texas:

Proceedings reported by Machine Shorthand.

A P P E A R A N C E S

MICHAEL MUNK                          MARK S. SNODGRASS
District Attorney                     Attorney at Law
SBOT NO. 24052943                     SBOT NO. 00795085
P.O. Box 1124                         1011 13th Street
Lamesa, Texas  79331                  Lubbock, Texas  79401
Phone:  (806) 872-2259                Phone:  (806) 762-0267
AND                                   ATTORNEY FOR THE DEFENDANT
JASON BUJNOSEK
Assistant District Attorney
SBOT NO. 24036285
P.O. Box 1124
Lamesa, Texas  79331
Phone:  (806) 872-2259

CHRONOLOGICAL INDEX
VOLUME 1

December 1, 2014                                    Page   Vol.

Appearances                                          2      1
Pretrial Hearings                                    4      1
Hearing adjourned                                    9      1
Court Reporter's Certificate                        10      1

THE COURT: Court calls Cause Number 14-3152; the State of Texas versus Ricardo Liendo Quintero.

THE STATE: State's ready, your Honor.

MR. SNODGRASS: Mr. Quintero is present and ready, your Honor.

THE COURT: Okay. And I believe we're here also on this case on the third setting on the scheduling order for either a plea agreement or taking up pretrial matters. We can take up these pretrial motions from the Defendant first. Do you have orders there?

MR. SNODGRASS: I do, yes, ma'am.

THE COURT: Okay. First, it would be the 404(b) Request for Notice of Intent to Offer Extraneous Conduct.

THE STATE: He's entitled, your Honor. No objection.

THE COURT: Granted without objection. And then the 37.07 Request for Notice of Intent to Offer Extraneous Conduct.

THE STATE: We will provide that, your Honor. No objection.

THE COURT: That is also granted without objection. Then the Motion for Disclosure of Experts.

THE STATE: And, your Honor, just heading

off a potential issue, certainly he's entitled to a list of our expert witnesses in order to prepare for trial. But I believe that the motion in this case and the motion in the previous case in which Defendant -- or Defense Counsel was representing, that's 14-3145; Virginia Aleman, I'm not seeing the language in this motion or in Virginia Aleman's motion that would require us to provide by 5:00 p.m. on a particular date. It only asks for within 20 days of date trial is to begin, and we will certainly provide it by that time. A copy of the motion that was provided to the State does not appear to have that language in it, your Honor.

MR. SNODGRASS: Judge, in this case, I'm more than happy to -- typically, I'm always happy with it 20 days before. I just -- I explained to the Court in the previous case, which I don't think has anything to do with this one, the reason for needing it at an earlier time. I'm fine with them giving it to me at that time. But I would just -- was forewarning the Court and the State that I'd probably be filing a Motion for Continuance in that other case.

THE COURT: Okay. In the order -- I'm going to grant the motion as it's been presented, and in the order I will just strike the language that has "no later than 5:00 p.m. on the fifth business day following the

entry of this order."

MR. SNODGRASS: No objection to that, Judge.

THE COURT: So it will read, "to be provided not later than the 20th day before the date the trial is scheduled to begin."

THE STATE: Thank you, your Honor.

THE COURT: And then based on the last case that we had that we talked about the pretrial motions, I think we might take up these last two together, which is the Motion for Disclosure of Impeaching Information Under Kyles versus Whitley and the Motion to List Witnesses and Request for Criminal Histories.

THE STATE: And, your Honor, for the purposes of a complete record, I'll state again my objection. This is a pre-Michael Morton case wherein the offense date is the 3rd of November, 2013. I'm just noting that for the record. The fact is that Michael Morton has not changed discovery in regard to criminal histories. It is our understanding based on precedent and based on previous filings with this Court that criminal histories that are not in our possession need not be run and produced. 39.14 does not require us to produce new material for discovery by the Defense. We would object to these motions on that basis.

MR. SNODGRASS: Your Honor, and I will make

that -- for the record, I'll state the same response, that I believe that constitutional provisions trumps statutory provisions. I think that as for due process and adequate representation under the Fifth and Sixth Amendments of the U.S. Constitution apply to the Fourteenth and the Court should order them to provide it. It is solely within the -- by law, I'm not allowed access to TCIC or that sort of information that's at the State's control. It is an agent of the State that controls that. And in order to be afforded due -- fair trial, I believe it should be ordered that they provide those. So that's the same response, in essence.

THE COURT: And the Court does agree that this is information that should be provided to the Defense prior to trial and so orders.

THE STATE: And once again, your Honor, does that order of the Court entail requiring the State to run criminal histories and provide criminal histories that are not already in the State's possession?

THE COURT: I ruled that it is granted. And will reset this also to January the 5th unless you feel that there is anything that might be possibly worked out that there would be a reason to have a setting on it on the 15th.

MR. SNODGRASS: I'm going to be out of town

on the 15th. And I don't anticipate that, but if there is, I'll have Ms. Jacobs -- I'll notify the Court early and get Ms. Jacobs over here.

THE COURT: We'll just go ahead and reset to January the 5th.

MR. SNODGRASS: May we be excused, your Honor?

THE COURT: You may.

THE STATE: Judge, actually, I'd like to get something on the record. This involves a matter of office policy. I'm putting on the record that this Court has avoided the question of whether we need to run through the TCIC/NCIC data base. That is not a part of the written request, and it is not a part of the Court's order. We ask for clarification. We have not been given any. Unless it is clarified on the record, we will only comply with what's in our possession within the scope of the 11th Court's Opinion.

THE COURT: I don't believe we're going to the 11th Court in this county.

THE STATE: I believe it is persuasive, Judge, and I don't think the 7th Court Opinion is on point.

THE COURT: Well, the Court has made its ruling. The Court is ordering that all criminal

histories on all of the State's witnesses be provided to the Defense prior to trial. And the Court is of the opinion that this is not an undue burden on the State and that it is something that the Defense is entitled to.

THE STATE: And that includes running TCIC --

THE COURT: I have made my ruling. Thank you.

THE STATE: -- NCIC date bases? The Court understands that this is directly in contrast with the 11th Court Opinion?

THE COURT: I have made my ruling. Let's move to the next case.

MR. SNODGRASS: May I be excused, your Honor?

THE COURT: You may.

(Hearing adjourned.)

THE STATE OF TEXAS     )

COUNTY OF LYNN         )

I, Jamie Jackson, Deputy Official Court Reporter in and for the 106th District Court of Lynn County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested by the State, to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $ 50.00     and will be paid by Lynn County.

WITNESS MY OFFICIAL HAND this the   11th   day of   December , 2014.


_/S/ Jamie Jackson_____
JAMIE JACKSON, Texas CSR #2583
Expiration Date:  12-31-16
P.O. Box 733
Brownfield, Texas  79316
(806) 637-9256

# Appendix F

**Pretrial Hearing Transcript**
**December 3, 2014**

**Dawson County Cause # 13-7340,**
*State v. Andrew Ogeda*

PRETRIAL HEARING

REPORTER'S RECORD

VOLUME 1 OF  1 VOLUMES

TRIAL COURT CAUSE NO. 13-7340

THE STATE OF TEXAS            )  IN THE DISTRICT COURT
                              )
vs.                           )  DAWSON COUNTY, TEXAS
                              )
ANDREW OGEDA                  )  106TH JUDICIAL DISTRICT

_____

**PRETRIAL HEARING**
_____

On the 3rd day of December, 2014, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Carter T. Schildknecht, Judge Presiding, held in Lamesa, Dawson County, Texas.

Proceedings reported by computerized stenotype machine.

**APPEARANCES**

Michael S. Munk
SBOT NO. 24052943
District Attorney
Jason Bujnosek
SBOT NO. 24036285
Assistant District Attorney
P.O. Box 1124
Lamesa, Texas 79331
Telephone:  806-872-2259
Fax:  806-872-3174
Attorneys for the State

Emilio E. Abeyta
SBOT NO. 00809850
820 Buddy Holly Ave, Suite 6
Lubbock, TX  79401
Phone: 806-765-5161
Counsel for the Defense

THE COURT: Court calls Cause Number 13-7340, the State of Texas versus Andrew Ogeda.

MR. BUJNOSEK: State's ready.

MR. ABEYTA: We're ready, Your Honor.

THE COURT: And this would be pretrial or a plea agreement setting for Mr. Ogeda, according to the scheduling order in the letter that had previously been sent out on a number of cases that were set for jury trial.

Have -- is there any need for assistance on any pretrial matters?

MR. ABEYTA: Yes, Your Honor. We have received an offer. However, the DA cannot offer anything that my client is willing to accept. Mr. Ogeda is not willing to accept what has been offered at this point.

In terms of discovery, we have received discovery. However, we have not received what we requested in terms of criminal records of at least two adults who are on the State's witness list. And that would be Melissa Morales Rodriguez and John Antonio Rodriguez.

And if I may borrow your list for just a second.

I believe those are the only two that

would not be law enforcement individuals. So we ask for non-law enforcement individuals -- for us to have criminal records on them.

THE COURT: Yes. And that is -- that request is granted.

MR. ABEYTA: And I believe that's all that we have as far as pretrial, Your Honor.

THE COURT: Okay. Then --

MR. MUNK: Judge, this is a little highly unusual. I believe this is a pre-Michael Morton Act case. And I believe -- as for these two witnesses, I can't speak of it, because this is not my case, but we will definitely make sure that we don't have any cases in our possession, in our office, on these two witnesses. If we do, their criminal histories in those cases will be turned over.

However, as for the fact that if we don't have them in our possession, I don't believe that this Court can order us to perform those criminal history searches pursuant to the recent Eleventh Court opinion, as this Court is in their jurisdiction and this is a pre-Morton case.

THE COURT: I recognize that. The Court -- the Court is of the opinion that it is not a significant burden on the State to provide those

criminal histories and that if that would be, in this case, a -- a help to the defense in knowing anything about the ability for impeachment, that it would be certainly something that would be -- should be provided so that we could proceed with a trial in an orderly manner at the time that it does come to trial.

Now, it has also been reported to the Court this morning that one of the witnesses, I believe, that would be called is going to be unavailable -- I can't remember. Is it unavailable next week?

MR. ABEYTA: Well, Your Honor, she worked for the State before. However, she is now a schoolteacher --

THE COURT: That's right.

MR. ABEYTA: -- in Comal County, which would be, I guess, New Braunfels, Texas. We just discovered that yesterday.

THE COURT: Okay.

MR. ABEYTA: And I do agree with you, Your Honor, that the reason that we're seeking the criminal histories is because it would go to the credibility of those two witnesses who will be called.

THE COURT: So the Court would say, I think we would be safe in saying that, with what has

been brought up today, that we probably will not be reaching this case this coming Monday because of the fact, one, that this one witness is not real close in proximity, and on the other things, that it would help the defense to know if -- if there would be possible impeachment on -- and they've only asked for two witnesses, the -- the histories on those.

MR. MUNK: And, Judge, not to be contrary, but I need to know the extent of the order, because even though it's not going to trial, we still need to -- we don't want to be back here next time --

THE COURT: No, you don't.

MR. MUNK: -- and Mr. Abeyta --

THE COURT: I don't know how much clearer I can be. I have said --

MR. MUNK: Well --

THE COURT: Please do not interrupt me at this point.

MR. MUNK: Yes, Your Honor.

THE COURT: I have said that the criminal histories on the two witnesses -- only two witnesses is what Mr. Abeyta requested, and he requested it because of the possibility of impeachment information. The Court has said that it does not think that is an undue burden on the State to provide those. And they are to

be provided, and you have ample time to do that. And I --

MR. MUNK: By any -- I'm sorry, Judge.

THE COURT: I think that's clear enough. We're adjourned.

MR. MUNK: By any means necessary? That's what I need to --

THE COURT: I didn't say by -- I'm sorry. You are trying to put words in my mouth, and I will not have words put in my mouth.

I have ruled on this. I don't think it could be any clearer. I have said those -- for those two witnesses, criminal histories are to be provided. There may be nothing there, but the defense has requested only two witnesses for possible impeachment purposes.

MR. MUNK: From our --

THE COURT: That is perfectly plain. We're adjourned.

MR. MUNK: From our files, Judge, or from the TCIC database?

THE COURT: We're adjourned.

MR. ABEYTA: Thank you, Your Honor.

Your Honor, may I backtrack just a little bit?

THE COURT: Oh.

MR. ABEYTA: In an abundance of caution, I prepared a motion for a private process server that we use out of Lubbock, if I may present it to the Court so that, when this case does come up, we will be prepared with a private process server if such were --

THE COURT: Sure.

MR. ABEYTA: May I present that?

THE COURT: Yeah, you can do that here or in my office, either one.

(Proceedings concluded.)

* * * * *

STATE OF TEXAS

COUNTY OF DAWSON

I, J'Lyn Sauseda, Official Court Reporter in and for the 106th District Court of Dawson County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $ 99.00   and was paid/***will be*** paid by Michael S. Munk, District Attorney.

/s/ J'Lyn Sauseda

J'Lyn Sauseda, CSR
Texas CSR 7890
Official Court Reporter
106th District Court
Dawson County, Texas
400 South 1st, Suite 302
Lamesa, Texas 79331
Telephone: 806-872-3740
Expiration: 12/31/15